**In re HILLYARD FARMS, Partners, Cletus Wesley, Ruth Hillyard, and Wesley Mark Hillyard, Debtor-Appellants,**

v.

**WHITE COUNTY BANK and Mutual Life Insurance Company of New York, Appellees.**

Civ. Nos. 84–4642, 85–4083.

United States District Court,
S.D. Illinois,
Benton Division.

Sept. 12, 1985.

Bruce D. Stewart, Harrisburg, IL Tom Schanzle-Haskins, Springfield, IL for White County Bank.

Steven N. Cousins, St. Louis, Mo., for Mutual Life Ins. Co. of New York.

William L. Needler, James C. Truax, William L. Needler & Assoc., Chicago, Ill.,

Charles A. Mayberry, Enfield, Ill., John M. Ferguson, Belleville, Ill., for debtor-appellants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This case demonstrates the complexities and difficulties facing a district court under the Bankruptcy Amendments and Federal Judgeship Act of 1984.

The debtors maintain a farming operation in both White County, Illinois and Hamilton County, Illinois. On July 30, 1979 the debtors executed a promissory note in the principal amount of $430,000.00 made payable to Mutual Life Insurance Company of New York (MONY). This note was secured by a Deed of Trust and an Assignment of Rents Agreement on approximately 343 acres of land in White and Hamilton Counties, Illinois. The debtors financially defaulted on the MONY note on September 1, 1982. MONY commenced a proceeding under Illinois law to foreclose its security interest in the above subject property. On November 29, 1983, the Circuit Court of the Second Judicial Circuit, White County, Illinois, entered a judgment of foreclosure and sale in favor of MONY. The foreclosure sale was scheduled for December 28, 1983. However, on December 21, 1983, the debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code resulting in an automatic stay of the sale pursuant to 11 U.S.C. § 362.

On May 23, 1984, MONY moved for relief from the stay. On November 1, 1984, the bankruptcy court lifted the automatic stay as to MONY and appellee White County Bank, finding, pursuant to 11 U.S.C. § 362, that the debtors lacked equity in the property, and that the appellees were not adequately protected. On November 15, 1984, the bankruptcy court denied the debtors' motion to reconsider. The debtors filed their notice of appeal on November 24, 1984.

Thereafter, on December 4, 1984, the debtors removed to the bankruptcy court the state foreclosure action. MONY moved to remand on December 7, 1984. On December 19, 1984, the debtors filed for a stay pending appeal, in effect seeking a stay of the bankruptcy court's order lifting the automatic stay pending appeal of that order to this Court. On January 31, 1985, the bankruptcy court ordered that the foreclosure action be remanded back to state court. On that same date the bankruptcy court indicated that it would grant the debtor's request for a stay pending appeal on the condition that the debtors filed a bond in the amount of $478,500.00. The bankruptcy court denied the debtors' motion to reconsider this order on February 12, 1985. The debtors never posted the bond.

In the interim, the debtors asked the bankruptcy court to reconsider its order remanding the foreclosure action back to state court, arguing among other things, that the bankruptcy court lacked the authority to enter an order of remand since such a matter was a non-core proceeding. The bankruptcy court agreed, and on February 12, 1985 vacated its earlier order and submitted an identical order as proposed findings of fact and conclusions of law to this Court pursuant to 28 U.S.C. § 157(c). The debtors filed objections to these proposed findings on March 6, 1985. On that same day, the debtors asked this Court to stay the bankruptcy court's order lifting the automatic stay pending this appeal.

To date, this Court has not ruled on the debtors' motion to stay. Absent such a ruling by this Court nothing prevents MONY from attempting to execute on the foreclosure judgment. However, since the debtors removed the foreclosure action to the bankruptcy court, MONY has the authority to so execute but lacks the forum in which to do so. Further, because the bankruptcy court lacked the authority to remand the foreclosure action back to state court, the debtors have been able to achieve a stay of the bankruptcy court's order without posting the bond or receiving an order of stay from this Court.

If the bankruptcy court's determination that the motion to remand involves a non-

core proceeding is correct, this Court faces interesting situation. It must review the findings of fact in the bankruptcy court's order lifting the automatic stay under a clearly erroneous standard with due regard given the bankruptcy court in assessing the credibility of the witnesses, but make a de novo review of the bankruptcy court's proposed findings of fact and conclusions of law recommending remand.

The appellants have requested oral argument. However, after a careful examination of the respective briefs, the Court is of the opinion that the facts and legal arguments are adequately presented and that this Court's decisional process would be not significantly aided by oral argument.

### I. *Appeal of the Release From the Stay (Civil No. 84-4642).*

On November 1, 1984 the bankruptcy court lifted the automatic stay as to both appellees pursuant to 11 U.S.C. § 362. The bankruptcy court found that:

—Debtors owe White County Bank a debt in the amount of $73,933.17, including interest as of January 10, 1984. Said debt is secured by certain real estate that is property of the debtor's estate.

—Said real estate has a fair market value of $57,000.00.

—Debtors owe MONY a debt in the amount of $533,000.00, plus interest, attorney's fees and costs, secured by certain real property of the debtor's estate.

—Said real property has a fair market value of $421,500.00.

—Debtors have no plan of reorganization on file as of the date of this order.

—The subject property is necessary in debtors' efforts to reorganize under Chapter 11 of the Bankruptcy Code.

—The evidence clearly shows that the debtors lack equity in the property. Furthermore, movants are not adequately protected in that the amount of their respective debts owed are rising at a daily rate as a function of the increasing interest charges. Debtor were unable to provide any form of adequate protection under § 361 of the Bankruptcy Code to rebut, the motions for relief from stay filed by movants.

It is clear that a motion to terminate the automatic stay is a core proceeding, thus granting the bankruptcy court the authority to enter the above order. 28 U.S.C. § 157(b)(1), (2)(G). Orders lifting the automatic stay are final orders and are therefore immediately appealable to the district court. *Borg-Warner Accept. Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982). As with all appeals, this Court must review the bankruptcy court's findings of fact under a clearly erroneous standard. Fed.R. Bankr.P. 8013.

11 U.S.C. § 362(d) authorizes the bankruptcy court to lift the automatic stay

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The creditors have the burden of proof on the issue of the debtors' equity in the property and the debtors have the burden of proof on all other issues. 11 U.S.C. § 362(g). Since the bankruptcy court found that the property in question was necessary to an effective reorganization, option (2) was eliminated. Therefore, the decision to lift the automatic stay was based on (1) above.

Although no attempt has been made in the code to define the term "adequate protection," 11 U.S.C. § 361 gives examples of what might constitute adequate protection. The first alternative suggests that the making of a cash payment or periodic cash payments to the extent necessary to compensate for any decrease in value of the interest of the creditor would constitute adequate protection. 11 U.S.C. § 361(1). The second alternative is the giving of an additional or replacement lien to the extent necessary to compensate for a decrease in the value of the creditors interest in the

property. 11 U.S.C. § 361(2). The last alternative indicates that adequate protection may be provided by "granting such other relief ... as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361(3). This last alternative should be applied narrowly, "bearing in mind that the indubitable equivalent rather than the *MOST* indubitable equivalent is demanded." Collier on Bankruptcy, ¶ 362.-07, at 362–5. (15th ed. 1985).

■ The bankruptcy court below found that the appellees were not "adequately protected in that the amount of their respective debts owed are rising at a daily rate as a function of the increasing interest charges." Further, the debtors were unable to provide any form of adequate protection. This Court is not willing to say that this finding is clearly erroneous. The debtors never met or even attempted to meet their burden of showing adequate protection. Furthermore, while the existence of an adequate equity cushion could constitute adequate protection, since the debtors have no equity in the property no equity cushion exists.

■ The appellants claim that the bankruptcy court erred in not holding a 11 U.S.C. § 506 hearing to determine the extent of the appellees' secured claims. The appellants contend that since they are only obligated to provide adequate protection for secured claims, such a hearing is a prerequisite to any determination under 11 U.S.C. § 362(d). The appellants are under the erroneous assumption that in all cases a separate § 506 hearing must be held. "[I]ssues as to the application of section 506(a) may arise and be litigated in the context of requests for relief from the automatic stay [and] demands for adequate protection...." Collier on Bankruptcy, ¶ 506.05 at 506–16 (15th ed. 1985). This Court is convinced that the bankruptcy court in fact made a determination of the appellees' security interest during the litigation surrounding the lifting of the automatic stay.

The appellants also contend that the bankruptcy court erred in not recognizing that the value of the property had increased from the time of the debtors' petition under Chapter 11. Again, this Court is not willing to say that the bankruptcy court's finding that the value of the property decreased during this period is clearly erroneous. MONY's appraisal clearly indicated that the value decreased.

Accordingly, the Court AFFIRMS the order of the bankruptcy court lifting the automatic stay. Because of the result of this Court's order in the subsequent section, the Court DENIES as MOOT the appellants' motion for a stay pending appeal.

II. *Recommendation for Remand (Civil No. 84–4083).*

28 U.S.C. § 1334 provides the district courts with jurisdiction over all "cases under Title 11" and all civil proceedings arising under Title 11 or arising in or related to "cases under Title 11." Pursuant to 28 U.S.C. § 157(a), this Court is permitted to refer all such cases and proceedings to bankruptcy judges. This Court, by order dated July 11, 1984, referred all such cases and proceedings to the bankruptcy judge for this district. Bankruptcy judges are empowered to hear and determine all cases under Title 11 and all case proceedings arising under Title 11 or arising in a case under Title 11 which are referred. 28 U.S.C. § 157(b). If the proceedings are non-core but otherwise related to the case under Title 11 and the parties have not consented to the bankruptcy judge, the bankruptcy judge can hear these matters and submit proposed findings of fact and conclusions of law to the district court leaving the entering of the final order or judgment to the district court. 28 U.S.C. § 157(c)(1). This Court must make a de novo review of those portions of the proposed findings of fact and conclusions of law to which a party has specifically objected. 28 U.S.C. § 157(c)(1). Section 157(b)(3) grants the bankruptcy judge the authority to determine whether or not the proceeding is a core proceeding.

28 U.S.C. § 1452 provides that a party may remove a claim or cause of action to the district court where such action is pending. Subsection (b) of this section grants this Court the authority to remand such a claim or cause of action on any equitable ground and provides that such a decision is not reviewable by appeal or otherwise.

In districts such as the Southern District, where an order of automatic reference has been entered by the district court, the removed action is automatically referred to the bankruptcy judge. The bankruptcy judge should then determine whether the removal proceeding was a core or non-core proceeding. However, the non-removing party could move, as here, for remand under § 1452(b).

This scenario poses an interesting question as to the authority of the bankruptcy judge to enter remand orders. The bankruptcy judge here, in his order vacating his previous order to remand the case, took the position that *all orders* to remand involve non-core proceedings in which a bankruptcy judge lacks authority to enter. He based this decision in part on the non-appealability of remand orders. This presents one alternative. A second alternative would be that a bankruptcy judge possesses the authority to enter all remand orders since such orders relate to the jurisdiction of the court. One commentator has seemingly adopted this alternative.

> Under section 1452(a), the claim or cause of action will be removed to the district court for the district in which the civil action is pending. If an order of automatic reference has been entered by the district court pursuant to the authority granted by section 157(a), which will perforce cover removed actions, the action will be automatically referred to the bankruptcy judge. The non-removing party could then move to remand under section 1452(b). Alternatively *or if the bankruptcy court refuses to remand* the non-removing party or the removing party could make a motion under section 157(b)(3) to have the bankruptcy judge

determine whether or not the action is a core proceeding.

Collier on Bankruptcy, ¶ 3.01, at 3–54 (25th ed. 1985) (emphasis added). The third alternative would allow the bankruptcy judge to enter remand orders only in core proceedings. This alternative obviously contemplates that the bankruptcy judge make the core-non-core determination prior to the remand order.

■ This Court agrees with the bankruptcy judge that all remand orders must be entered by this Court. Section 1452(a) allows for removal to *this Court* and § 1452 grants *this Court* the authority to remand. Unlike 28 U.S.C. § 157(b)(3) which grants the bankruptcy judge the authority to determine its jurisdiction, § 1452(b) contemplates a decision from *this Court* as to its jurisdiction. The Court believes the second alternative to be in conflict with both 28 U.S.C. § 157 and 28 U.S.C. § 1452, since neither section grants the bankruptcy judge such authority. The third alternative does have merit. If a matter is a core proceeding maybe the bankruptcy judge should be allowed to determine whether or not to remand the matter to state court. However, because such orders pursuant to 28 U.S.C. § 1452(b) would not be appealable, the core-non-core determination would essentially foreclose any review of that decision and the remand order. For these reasons the Court agrees with the bankruptcy judge below that, absent consent, all remand orders pursuant to § 1425(b) be entered by this Court with the bankruptcy judge rendering his recommendation as contemplated in 28 U.S.C. § 157.

With respect to the bankruptcy judge's proposed finding of fact and conclusions of law here, the Court, after a de novo review, agrees with the bankruptcy judge that the foreclosure action should be remanded back to state court. Retaining a state action in which the judgment is final would not ensure that the creditors here are afforded the same protection as in state court, nor would it be efficient. Further, the Court agrees with the bankruptcy judge's apprehension over the removability

of a foreclosure action, since a case can only be removed to this Court if it could have been brought here originally.

Accordingly, the Court ADOPTS the proposed findings of fact and conclusions of law of the bankruptcy judge. The Court REMANDS the foreclosure action, No. 82–CH–30, to the Circuit Court of the Second Judicial Circuit, White County, Illinois.

IT IS SO ORDERED.