**In re PACOR, INC., Debtor.**

**PAXTON NATIONAL INSURANCE COMPANY, Plaintiff,**

v.

**BRITISH AMERICAN ASSOCIATES and Simkiss Agency, Inc. and Pacor, Inc., Defendants.**

Bankruptcy No. 86–03252G.
Adv. No. 86–1129G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 30, 1987.

James W. Christie, Alan S. Gold, Griffith & Burr, Philadelphia, Pa. for plaintiff, Paxton Nat. Ins. Co.

Wayne A. Schaible, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant, British American Associates, Inc.

Eugene J. Maginnis, Jr., Cozen and O'Connor, Philadelphia, Pa., for defendant, Simkiss Agency, Inc.

Stephen Levin, Jacoby, Donner & Jacoby, P.C., Philadelphia, Pa., for debtor/defendant, Pacor, Inc.

## OPINION

BRUCE FOX, Bankruptcy Judge:

The plaintiff, Paxton National Insurance Company (Paxton), has filed a motion to remand this adversary proceeding to state court and a motion for mandatory abstention. For the reasons set forth below, I conclude that neither remand under either 28 U.S.C. § 1452(a) or (b) nor mandatory abstention is appropriate. I will enter an order denying the mandatory abstention motion. However, because a decision on the remand motion is nonreviewable, I believe that it should be entered only by the district court. As a result, I shall recommend to the district court that it deny the remand motion.

### I

The facts surrounding this motion are not at issue. The debtor, Pacor, Inc., is the object of numerous lawsuits brought by individuals who have alleged that they were injured by exposure to asbestos and that Pacor (formerly the Philadelphia Asbestos Co.) is responsible for these injuries. In January 1979, Paxton issued an insurance policy in favor of Pacor through the efforts of insurance brokers British American Associates, Inc. (British) and Simkiss Agency (Simkiss). In February 1979, Paxton notified Pacor that it was cancelling this policy. In May 1984, Paxton sought relief against Pacor, British and Simkiss seeking only a declaration that there was never a valid policy in effect due to Pacor's alleged failure to provide accurate information in its insurance application form. Pacor counterclaimed against Paxton seeking recovery under the policy and also cross-claimed against British and Simkiss. In July 1986, Pacor filed a voluntary petition in bankruptcy under chapter 11 and in September 1986 removed this state court lawsuit to bankruptcy court pursuant to 28 U.S.C. § 1452(a) and Bankr. Rule 9027.

In December 1986, I held a pretrial conference, with all parties attending, which resulted in agreed upon deadlines being set for motions, discovery and pretrial statements, as well as the establishment of a trial date. Shortly before the date set for trial, Paxton filed the instant motion which, in turn, followed a recent motion to amend its complaint. By order dated April 24, 1987, I granted the request for amendment in part only. I denied, *inter alia,* Paxton's attempt to assert indemnification claims against British and Simkiss since such claims are unrelated to the debtor's bankruptcy case and I would have no jurisdiction to resolve such matters. *See Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984).

Paxton now desires that this matter return to state court and raises in support a number of issues arising from the unique jurisdictional structure of bankruptcy courts which occurred as a result of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub.L. No. 98–353. Primarily, it argues that this matter was never removed timely and so must now be remanded. An analysis of the question forces me to look into what one court has already called "one of the worst legislative quagmires caused by" BAFJA. *In re Eagle Bend Development,* 61 B.R. 451, 452 (Bankr.W.D.La.1986).

### II

Prior to enactment of the Bankruptcy Reform Act of 1978, removal of state court lawsuits to "bankruptcy court" (which was then the district court), could be had "only under the same conditions as govern removal generally." 2 *Collier on Bankruptcy* ¶ 23.21 (14th ed. 1976). That meant compliance with the provisions of 28 U.S.C. §§ 1441 *et seq.,* which governed removal of matters to district court. As early as 1973, it was recognized that certain limitations embodied in the general federal removal statutes were not compatible with the plan to expand the jurisdiction of bankruptcy judges. Such expansion was designed to allow all matters relating to a bankruptcy case to be tried in one forum. *See generally Creasy v. Colman Furniture Corp.,* 763 F.2d 656, 661 (4th Cir.1985). To remedy this situation, the Commission on the Bankruptcy Laws of the United States recommended the enactment of an additional removal statute exclusively for proceedings related to bankruptcy cases. *Report of Commission on the Bankruptcy Laws of the United States,* H.R.Doc. 93–137, 93d Cong., 1st Sess., Pt. II, at 33 (1973). Both

the House and Senate accepted this recommendation, though in slightly different forms. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 156 (1978); H.Rep. No. 95–595, 95th Cong., 1st Sess. 448 (1977). The resulting compromise produced former 28 U.S.C. § 1478. Among the differences between 28 U.S.C. § 1441 and former 28 U.S.C. § 1478 is that the latter does not restrict a removal petition to a defendant. *See Creasy v. Coleman Furniture Corp.,* 763 F.2d at 460–661; 1 *Collier on Bankruptcy,* ¶ 3.01, at 3–72 (15th ed. 1987) (*"Collier"*).

As the Third Circuit Court of Appeals noted, in *Pacor, Inc. v. Higgins,* 743 F.2d, at 991–992:

Section 1478(a) thus authorizes a very different type of removal than does section 1441. Under its provisions, a proceeding from any other court (including another federal court) may be removed to the bankruptcy court, provided the bankruptcy court has jurisdiction of the action under 28 U.S.C. § 1471. We find that, at the time the Bankruptcy Reform Act was passed, section 1478 removals simply could not be included within the general framework of sections 1441–1447. By its own terms, section 1478 deals with removals to the bankruptcy court, which—at least at the time the 1978 Act was enacted—was an entirely separate entity from the district court. On the other hand, it allows removals not only from a state court, but from other federal courts as well, thus permitting removals which sections 1441–1447 do not. A double incongruity with sections 1441–1447 would therefore arise if we were to construe the two sets of statutes as embracing the exact same circumstances.

The fact that any attempt to apply the general removal provisions to removals brought under section 1478 would create a number of statutory conflicts and inconsistencies, supports the conclusion that the provisions of sections 1441–1447

were never meant to be read into the procedures for bankruptcy removals. Since, by their own terms, sections 1441–1447 can only apply to removal from state courts, while bankruptcy removals may come both from state and federal courts, an inexplicable hiatus would develop if the two statutes were engrafted onto each other, whereby some removed bankruptcy cases would be covered by the procedures of sections 1441–1447, while others would not. Similarly, section 1441 allows only a defendant to seek removal, whereas section 1478 allows any party to remove. Sections 1441–1447, again by their own terms, could not apply to matters removed by a plaintiff, creating another statutory limbo. We decline to read such incongrous results into the legislation.

(footnote omitted).[1]

Section 1478(a) allowed proceedings falling within the jurisdictional ambit of bankruptcy courts to be removed to those courts, but the statute set no time deadlines nor did it set forth a removal procedure. That procedure was ultimately established, along with time deadlines, by the Supreme Court through its rulemaking power granted in 28 U.S.C. § 2075.[2] Between the enactment of nationwide rules of bankruptcy procedure and the passage of the § 1478, which was part of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, some removal procedure was required. Since 28 U.S.C. § 1446 set forth the procedure for removal under § 1441, and removal under § 1478 was not exactly parallel to § 1441, the terms of § 1446 did not apply in this interim period. Rather, the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States drafted "Suggested Interim Bankruptcy Rules" which were adopted in various districts as local rules of bankruptcy procedure. Among the interim rules was Rule 7004 which, while borrowing from Section 1446, set out its own proce-

---

1. Former section 1471 was the jurisdictional statute in existence prior to BAFJA.

2. The procedural rules for bankruptcy courts establish time deadlines for the assertion of

many statutory rights besides those connected with removal. *See, e.g.,* Rule 3002(c) (implementing 11 U.S.C. § 501).

dures and time limits for removing proceedings to bankruptcy court. *See In re Potts,* 724 F.2d 47, 51 (6th Cir.1984); Weintraub and Resnick, *Bankruptcy Law Manual* ¶ 6.04[5] (1980). Generally, the interim rule established the deadline for filing a removal application as 30 days from the date of the order for relief.

The procedures and deadlines set forth in Interim Rule 7004 were ultimately supplanted in 1983 by Bankr. Rule 9027. As the lengthy Advisory Committee Note to Rule 9027 makes clear, the removal procedures and time deadlines established by this rule are different from those set out in 28 U.S.C. §§ 1441, 1446 because of unique concerns and policies embodied in the Bankruptcy Code. For example, a state law case may have been brought prepetition by a plaintiff who later files for bankruptcy; a bankruptcy trustee (or debtor in possession) who has interests distinct from the debtor's may conclude that those interests are better served by removal to bankruptcy court. Rule 9027(a)(2) would permit such removal, while § 1446 would not. Similarly, the debtor may have been sued prepetition in state court but this lawsuit is stayed by 11 U.S.C. § 362(a) upon the debtor's filing a bankruptcy petition. While the stay is in place, the debtor may not desire removal; yet Rule 9027(a)(2) allows removal if the stay is later lifted.[3] Section 1446 does not allow such flexibility.

■ Former section 1478(a) and Bankr. Rule 9027 both refer to removal of matters to bankruptcy courts. Congress, in an attempt to comply with the directives of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 785 (1982), passed BAFJA which, in part, repealed § 1478 and replaced it with 28 U.S.C. § 1452. Section 1452 refers to removal of matters to the district court while § 1478 referred to removal to bankruptcy court. Thus, some courts have struggled with challenges raised to the continued vitality of Bankr. Rule 9027. At least two courts have taken the position that Bankr. Rule 9027 no longer governs removal procedures and that

courts must look to 28 U.S.C. § 1446(a) and (b) which only permit "a defendant or defendants" to remove a state court proceeding and which require removal petitions to be filed within approximately 30 days from service. *Allen County Bank & Trust Co. v. Valvmatic International Corp.,* 51 B.R. 578 (N.D.Ind.1985); *State Bank of Lombard v. Chart House Inc.,* 46 B.R. 468 (N.D.Ill.1985). Some courts, though, have upheld the continued validity of Rule 9027 even after BAFJA. *Creasy v. Coleman Furniture Corp.; In re Eagle Bend Development; In re Philadelphia Gold Corp.,* 56 B.R. 87 (Bankr.E.D.Pa.1985); *accord,* 1 *Collier* ¶ 3.01[f], at 3–76 n. 159; *cf. Raff v. Gordon,* 58 B.R. 988 (E.D.Pa.1986) (court notes the questions surrounding Rule 9027 and, while not deciding the issue, does not apply the provisions of § 1446 in permitting removal).

Here, Paxton argues that this matter was removed beyond the thirty day time limit set forth in § 1446(b), although within the 90 day time limit of Bankr. Rule 9027(a)(2) and, relying upon *Chart House* and the mandatory nature of § 1446, contends that removal of this matter was improper under § 1452(a), thus mandating remand. In so arguing, Paxton maintains that the procedures and the limits set forth in Rule 9027 no longer apply. Respectfully, I must disagree.

When Congress enacted 28 U.S.C. § 1452, its intent was simply to alter the statutory reference from bankruptcy court to district court. S.Rep. No. 98–55, 98th Cong., 1st Sess. 43 (1983). It expressed no desire to alter the procedure or time periods set out in Rule 9027 which were then in effect. Indeed, the proposed amendments to Bankr. Rule 9027 maintain the time limits currently existing in this rule and alter the procedure by having the removed application filed with the district court clerk. Moreover, since § 1446 makes no provision for removal by a plaintiff, while § 1452 continues to allow plaintiffs to remove, it is difficult to see how Rule 9027 could be supplanted by § 1446 unless one also sup-

---

3. While a case may be removed in such circumstances, there may also be equitable grounds for

remand. *See In re Futura,* 69 B.R. 831 (Bankr. E.D.Pa.1987).

plants § 1452 by § 1441. *See generally Pacor, Inc. v. Higgins.*

*Chart House,* whose reasoning was largely followed in the *Valvmatic* decision, simply neglects to take into account the significant differences between removal under § 1452 and § 1441, the bankruptcy policies implicit in those differences and the purpose behind the passage of § 1478. To effectuate those policies, Congress intended to allow the rule making process to establish the removal procedure for bankruptcy related proceedings from other courts. Thus, the time periods set forth in Rule 9027(a)(2), (3) are still valid.

Additional support for this conclusion comes from Judge Aspen's analysis in *In re Gianakas,* 56 B.R. 747 (N.D.Ill.1985), which concluded that section 1452 should not be read in a vacuum. *Gianakas* held that the reference in § 1452 to "district court" meant the bankruptcy court which, under 28 U.S.C. § 151, constitutes a unit of the district court. Thus, removal applications could be filed with the bankruptcy court and bankruptcy judges would decide those proceedings so removed, at least when the district court has entered an order referring all bankruptcy cases and related proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157.[4] *Accord, In re Philadelphia Gold Corp.* By so construing § 1452, the *Gianakas* court was implicitly upholding Rule 9027 after BAFJA.

In sum, Pacor timely filed its removal application pursuant to Bankr. Rule 9027(a)(2), whose provisions are still in effect. Paxton's remand request based upon an alleged violation of 28 U.S.C. §§ 1446(b) and 1452(a) is without merit.

### III

Paxton next argues that even if this matter were properly removed under § 1452(a), I should abstain pursuant to 28 U.S.C. § 1334(c)(2) (mandatory abstention). It contends that this is a noncore proceeding involving only state law issues which must be resolved in a state forum.

As I have recently noted in *In re Futura Industries, Inc.,* 69 B.R. 831 (Bankr.E.D.Pa.1987), mandatory abstention requires more than simply showing that there is a related proceeding involving issues of state law:

> In order for mandatory abstention to apply, the plaintiffs must show that
>
> (1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Id.* at 834 (citations omitted).

For purposes of this motion, I will accept Paxton's position that this matter is a noncore proceeding. *See UNR Industries, Inc. v. Continental Insurance Co.,* 623 F.Supp. 1319 (N.D.Ill.1985). However, since this matter was already removed from state court to bankruptcy court, it is not clear that the provision of § 1334(c)(2) requiring that an "action is commenced ... in a state forum" is established; there no longer exists any proceeding pending in state court. *In re 666 Associates,* 57 B.R. 8 (Bankr.S.D.N.Y.1985) (mandatory abstention cannot be applied to removed matters). In fairness to Paxton, though, 28 U.S.C. § 1452(b) allows a court to remand a matter on "any equitable ground." I shall treat Paxton's abstention request as a remand motion under § 1452(b); moreover, I conclude that the congressional policies embodied in § 1334(c)(2) may constitute an equitable ground for remand. That is, if an adversary proceding commenced in bankruptcy court would be subject to mandatory abstention, the identical proceeding removed from state court should be remanded under § 1452(b). *Cf. In re Futura,* 69 B.R. at 836 (factors leading to discre-

---

**4.** Such a blanket referral has been made in this district. *See Raff v. Gordon,* 58 B.R. 988, 991 n.

5 (E.D.Pa.1986).

tionary abstention under 28 U.S.C. § 1334(c)(1) may also constitute equitable grounds for remand).

Unfortunately for Paxton, had the debtor commenced an adversary proceeding against Paxton under its insurance contract in this court in September 1986, rather than removing the state court lawsuit, I would not now conclude that abstention would be required. First, a litigant must demonstrate that a related proceeding can be timely adjudicated in a state forum. *See In re Futura Industries, Inc.; In re Burgess,* 51 B.R. 300, 302 (Bankr.S.D.Ohio). The state court system, according to Paxton's memorandum, has already disposed of all major non-jury cases commenced in May 1984. Paxton argues from this that were this matter remanded (or still before the state court), it would be immediately adjudicated. While that assertion may be true, it might also be true that once a case is passed on the state court trial list, there is no readily available mechanism which would inform the court that the matter was ready for trial and insure its prompt resolution. Without evidence on this point, I am unwilling to assume that this matter could be timely adjudicated in state court, especially since Pacor and its creditors will have a difficult time proposing a reorganization plan without a clear understanding of Pacor's insurance coverage. The prompt administration of this bankruptcy case depends upon a prompt resolution of this adversary proceeding.

■ Even more important to my conclusion that remand is not warranted in this matter is the fact that a party may waive its right to have a bankruptcy court abstain from deciding a related proceeding if it fails to make a timely motion for abstention. 28 U.S.C. § 1334(c)(2). *See* 1 *Collier* ¶ 3.01[b], at 3–63. Whether a motion is timely filed depends upon a variety of factors including whether the granting of the motion would prejudice or delay the rights of others. In the case at bench, Paxton has participated in pretrial conferences which have established various deadlines and a trial date. Afterwards, the parties acted, in good faith, in reliance upon my pretrial orders. Then, on April 15, 1987, which was the date of discovery cutoff, and which was approximately two weeks before trial, Paxton raises, for the first time, its request for remand or abstention. In fairness to the other parties, and to the debtor's creditors who are desirous of having this matter resolved and the reorganization case proceed, I must conclude that this motion is untimely. Therefore, I believe that Paxton offers no equitable grounds for remand.

## IV

■ Section 1452(b) makes unreviewable a decision to grant or deny a remand request. The reason for making remand decisions nonreviewable "was to avoid the delay that would result from litigating remand decisions." *Boone Coal and Timber Co. v. Polan,* 787 F.2d 1056, 1060 (6th Cir.1986). Furthermore, Bankr.Rule 9027(e) advises that a "motion to remand shall be determined as soon as practical." Obviously, the most expeditious procedure for resolving this matter would be my entering a final order denying the motion for remand; and, at least some bankruptcy courts have taken the position that a bankruptcy judge has the authority to enter an order granting or denying remand. *See, e.g., In re Morris,* 55 B.R. 615 (Bankr.N.D. Tex.1985). However, as units of the district court, bankruptcy courts should refrain from entering orders in nonreviewable matters, such as motions for remand. *E.g., In re Borchardt,* 56 B.R. 791 (D.Minn. 1986), *Hillyard Farms v. White County Bank,* 52 B.R. 1015 (S.D.Ill.1985); *In re Nilsson,* 42 B.R. 587 (Bankr.C.D.Cal.1984); 1 *Collier,* § 3.01, at 3–81; *see In re Corporacion de Servicios Medicos Hospitalarios de Farjardo,* 805 F.2d 440, 443 (1st Cir. 1986); *Hanna v. Philadelphia Asbestos Co.,* 743 F.2d 996, 999–1000 (3d Cir.1984) (dictum). In fact, proposed Bankr.Rule 9027(e) expressly establishes a recommendation procedure for disposing of a request for remand. Therefore, I shall recommend to the district court that Paxton's remand motion be denied.[5]

---

**5.** I need not decide if, prior to the effective date of proposed Bankr.R. 9027(e), the recommendation procedure is required in the disposition of a remand motion involving a core matter.

While this process, by necessity, will delay the trial in this matter such delay is a derivative of fairness concerns implicit in Article III, which require that certain matters must be resolved only by Article III judges. *See In re Earle Industries, Inc.,* 71 B.R. 919, 924–25 (Bankr.E.D.Pa.1987). In all likelihood, the delay will be brief and trial will be rescheduled, (if the district court accepts this recommendation), shortly after the district court's decision in this matter. The district court's order under § 1452(b) is clearly nonreviewable. *Boone Coal and Timber Co. v. Polon.*

An appropriate order and recommendation will be entered.