**In re Stanley A. RABZAK, Debtor.**

**Bankruptcy No. 82–04003 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 19, 1987.

See also, Bkrtcy., 79 B.R. 960.

Frederick L. Reigle, Reading, Pa., trustee.

Eugene Orlando, Herman, Orlando & Rearden, Reading, Pa., for trustee.

Paul T. Essig, Reading, Pa., for respondents, Ruscombmanor Sup'rs.

### MEMORANDUM AND OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

We now deny the motion filed on September 17, 1987 by Stanley A. Rabzak ("debtor"), and styled "Debtor's Motion to Remove a Summons Matter Pertaining to Debtor's Vacant Woodland, Processed by a Justice of the Peace, From the Justice of the Peace to a Federal Court, United States Bankruptcy Court" ("motion"). Both the trustee and the Ruscombmanor Township Supervisors, named as respondents in the motion, filed answers. The hearing on this motion was held on October 13, 1987, and all parties briefed the issues.[1]

We reluctantly render a memorandum opinion on a matter that could easily have been disposed of in a short order containing

---

1. We have reviewed two briefs filed by debtor in analyzing this matter. One is a brief captioned similarly to this motion and filed on October 13, 1987. The second is a brief filed on October 15, 1987 and captioned "Debtor's Opening Brief." Although the "Opening Brief" focuses on another matter before this Court, it contains several arguments that are relevant on the instant motion. This "Opening Brief" bears the docket number of an adversary—but the arguments in the brief do not apply to the adversary matter.

minimal citation. This more lengthy format is appropriate because the debtor is appearing pro se and we have engaged in a Herculean effort to cull from all of the pleadings in this case arguments that he may have intended to present on this motion. We suspect that our decision to proceed in the more explanatory memorandum format goes far beyond the Supreme Court's admonition that the allegations of a pro se complaint be held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). But we would rather be overly solicitous of debtor's pro se status to insure that he understands the basis of our decision.

Debtor's motion contains a "jurisdictional statement" and eleven numbered paragraphs outlining debtor's marital problems, his concerns regarding the trustee's sale of his property,[2] his objection to the manner in which a moving company moved goods from debtor's former home,[3] and an alleged conversation with a District Court Judge. In the closing paragraph he requests that we set a hearing to consider his motion. Nowhere in the motion is the summons issued by the Justice of the Peace described, and it is not attached as an exhibit. The summons is however, attached to another motion filed and previously decided in this case.[4] It charges debtor with a violation of an ordinance of Ruscombmanor Township:

"Dumping refuse and rubbish causing to be deposited, thrown or placed and maintaining rubbish and refuse (boxes, paper, rags, scrap items, glass and other waste materials of housekeeping) on his property."

At the outset we must note that debtor's pleadings and briefs suggest that debtor may be requesting both that we remove the matter *and* that we enjoin the actions of the Ruscombmanor Supervisors. *See* Debtor's Memoranda of Law, filed October 13, 1987, paras. 5, 7, 9. A complaint is the appropriate vehicle for requesting injunctive relief. We will consider debtor's argument in spite of his failure to properly present a complaint because we have special equitable powers under § 105(a), empowering us to fashion appropriate orders in situations such as the instant case.

The trustee argues as a defense[5] that we cannot remove the summons matter. Removal is governed by 28 U.S.C. § 1452(a), which provides:

"(a) A party may remove any claim or cause of action in a civil action *other than* a proceeding before the United States Tax Court or a civil *action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. § 1452(a) (emphasis added). In this district we have held that the term "district court," as used in 28 U.S.C. § 1452(a), encompasses the bankruptcy court, which is a unit of the district court.

---

2. On February 11, 1987 we heard the debtor's objection to the trustee's application to sell this property and entered an order authorizing the sale. Debtor also objected to the trustee's report of consummated sale, and on November 3, 1987 we denied debtor's objection.

3. This objection was raised through "Debtor's Emergency Motion to Admit Evidence in Conjunction with the Debtor's Objection to Trustee's Sale." After taking testimony from witnesses and considering the arguments, on November 3, 1987 we issued an order allowing the claim of the moving company in full, based on our decision that the alleged property damage had not been proven.

4. *See* Debtor's Emergency Motion to Admit Evidence in Conjunction with Debtor's Objection to Trustee's Claim, filed September 16, 1987.

5. The trustee also argues that we must abstain from hearing the summons matter because it is a state law claim that was "... commenced and can be timely adjudicated in a state forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). If the trustee is suggesting that we must abstain, a motion is the appropriate vehicle for presenting his argument. 28 U.S.C. § 1334(c)(2) ("Upon timely motion ...") The trustee has clearly not met his heavy burden if he is requesting mandatory absention. *See e.g., Paxton National Insurance Company v. British American Associates (In re Pacor)*, 72 B.R. 927, 931 (Bankr.E.D.Pa.1987) (per Fox, J.)

*In re Pacor*, 72 B.R. 927, 931. The trustee asserts that we do not have jurisdiction under § 1334 [6] because this is not a core matter. 28 U.S.C. § 157. We need not determine whether the subject of the summons is a core proceeding because 28 U.S.C. § 1452 expressly prohibits removal of civil actions by a governmental unit to enforce police or regulatory powers. As the discussion, supra at pp. 6–7 indicates, this local Ruscombmanor Township Ordinance is clearly an exercise of police or regulatory powers.

■ We now turn to debtor's "request" for an injunction. We exercise our § 105(a) equitable powers only under limited, exceptional circumstances. We find no such circumstances present in the instant case. First, debtor has not shown any adverse impact to the estate from the continued state court prosecution. The items identified in the summons are described as "waste materials," and debtor has offered no contrary evidence. Second, even if these items have value to the estate, the mere fact that the Ruscombmanor Township Supervisors want these items moved out of the open and stored elsewhere does not destroy the value of these items. To the contrary, storing these items in a more secure, sheltered location may serve to *preserve* their value.

Third, this is clearly the type of action that is not proscribed by the automatic stay. Although a determination that the automatic stay applies would not, in and of itself, require us to enjoin the Supervisors, we think that it is significant that the automatic stay would not be applied to prohibit continuation of this proceeding. The automatic stay provisions of 11 U.S.C. § 362 reflect Congresses' intent that certain state court matters continue in spite of the pendency of a bankruptcy. The Code contains a series of exceptions to the stay, including "... the commencement or continuation of

an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power ..." 11 U.S.C. § 362(b)(4).

Although the Code does not define "police or regulatory power," the Third Circuit has elaborated on the clash between the federal interest in providing a fresh start and a state's interest in enforcing regulations designed to protect the health and safety of the public. *Penn Terra Ltd. v. Department of Environmental Resources, Commonwealth of Pennsylvania*, 733 F.2d 267 (3d Cir.1984). In *Penn Terra*, the Commonwealth's Department of Environmental Resources found that the debtor was operating mines in violation of state environmental protection statutes. The Third Circuit quoted the legislative analysis of section 362:

"... Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay."

*Id.* at 272, *citing* S.Rep. No. 95–989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H.Rep. No. 95–595 at 343, 1978 U.S. Code Cong. & Ad.News at 6299 (emphasis deleted).

Given this framework, we must determine whether the Ruscombmanor ordinance prohibiting the dumping of rubbish is designed to insure public safety and/or represents a police or regulatory power. The *Penn Terra* court noted that both the House and Senate committee reports acknowledge that environmental protection is part of the State's police powers. *Id.* at 274 and 274 n. 7. Debtor's uncontained rubbish may also pose a threat to the safety and health of those in the area. Con-

---

**6.** Section 1334 provides

"(b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 ...

\* \* \* \* \* \*

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate."

28 U.S.C. § 1334(b), (d)

gress specifically intended that the states be free to address such health and safety concerns. *See* Historical and Revision Notes to § 362, Legislative Statements. What is important here is not the size of the trash pile or the extremely local interests involved, but rather the separation of powers embodied in § 362(b)(4):

"The police power of the several States embodies the main bulwark of protection by which they carry out their responsibilities to the People; its abrogation is therefore a serious matter. Congress should not be assumed, therefore, to have been miserly in its refund of that power to the States. Where important state law or general equitable principles protect some public interest, they should not be overridden by federal legislation unless they are inconsistent with explicit congressional intent such that the supremacy clause mandates their supersession ..."

*In re Penn Terra,* 733 F.2d 267, 273. The cases cited in debtor's brief are not relevant.[7] Under the circumstances of this case, we find no reason to exercise our § 105(a) equitable powers.

An appropriate order will follow.

---

**7.** *State Finance Co. v. Morrow,* 216 F.2d 676 (10th Cir.1954) (ancillary equity proceedings to enjoin post-discharge action on note). The case law authority in Debtor's "Opening Brief" is similarly inapplicable, discussing various domestic relations issues and intended, we suspect, as authority for debtor's arguments in a divorce-related issue pending in this case. *See e.g., Jones v. Jones (In re Jones),* 38 B.R. 690 (N.D.Oh.1983); *In re Kaping,* 13 B.R. 621, 622, 4 C.B.C.2d 1529, 8 B.C.D. 16, Bankr.L.Dec. para. 68,298 (Bankr.D.Or.1981); *Cunningham v. Cunningham (In re Cunningham),* 9 B.R. 70, 3 C.B.C. 2d 903, 7 B.C.D. 465, Bankr.L.Dec. para. 67,910 (Bankr.D.N.M.1980); *Pagitt v. Pagitt (In re Pagitt),* 3 B.R. 588, 1 C.B.C.2d 1013, 6 B.C.D. 260, Bankr.L.Dec. para. 67,596 (Bankr.W.D.La. 1980); *Barber v. Barber,* 62 U.S. (21 How) 582, 16 L.Ed. 226 (1859). The *Wheeler* case cited in this brief involves an application to set aside a foreclosure case. *In re Wheeler,* 5 B.R. 600, 2 C.B.C.2d 1980 (Bankr.N.D.Ga.1980).