**SHARED NETWORK USERS GROUP, INC.**

v.

**WORLDCOM TECHNOLOGIES, INC., et al.**

No. Civ.A. 04–180.

United States District Court, E.D. Pennsylvania.

April 19, 2004.

David Dormont, Peter John Leyh, Steven M. Coren, Kaufman, Coren, Ress and Weidman, Philadelphia, PA, for Plaintiff.

Nicole Raymond Chong, Klett, Rooney, Lieber & Schorling, Philadelphia, PA, for Defendants.

### MEMORANDUM

BARTLE, District Judge.

In March, 2000, plaintiff Shared Network Users Group, Inc. ("Shared Net-

work") instituted this action in the Court of Common Pleas of Montgomery County, Pennsylvania for breach of contract and for violation of the Communications Act of 1934, 47 U.S.C. §§ 201–02. Shared Network sought to enjoin defendants World-Com Technologies, Inc. and MCI World-Com, Inc. (collectively, "WorldCom") from carrying out their threat to disconnect the telecommunication services they were providing to Shared Network. Shared Network also requested damages. WorldCom counterclaimed for amounts due under their contract, quantum meruit, and unjust enrichment.

Almost four years later, on January 16, 2004, WorldCom removed the action to this court pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334, 1441(b), and 1452(a). WorldCom has moved to transfer venue to the United States District Court for the Southern District of New York under 28 U.S.C. § 1412. Shared Network has moved to remand to the state court on the ground that removal was untimely or alternatively that the court should exercise its equitable authority to remand and/or abstain under § 1452(b) or § 1334(c)(1).

In 2002, WorldCom and certain of its subsidiaries commenced proceedings under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* in the Southern District of New York where they have been consolidated and are being jointly administered. On January 22, 2003, Shared Network filed a proof of claim in the amount of $507,671.20 in the bankruptcy court in that district. This is essentially the same claim that is the subject of the complaint originally filed in the state court. On January 13, 2004, WorldCom filed an objection to the proof of claim and asserted virtually the same counterclaim in the bankruptcy court which it had filed against Shared Network in the Montgomery County ac-

tion. WorldCom seeks $884,512.08. Three days later, WorldCom removed the state court action to this court.

### I.

■ We must first determine whether WorldCom's removal of Shared Network's state court action was timely. Under § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." § 1334(b). The federal court has original jurisdiction over WorldCom's bankruptcy, which arises under Title 11. In addition, Shared Network's state court claims and WorldCom's counterclaim are "related to" the bankruptcy proceeding because the outcome of the state court claims "could conceivably have [an] effect on the estate being administered in bankruptcy." *In re Marcus Hook Development Park, Inc.,* 943 F.2d 261, 264 (3d Cir.1991) (citations omitted). Concededly, each is a core proceeding which may be heard and determined by a bankruptcy judge. *See* 28 U.S.C. § 157.

Shared Network maintains that World-Com waived its right to remove by failing to do so within 30 days after the complaint was served in the state court action as required under 28 U.S.C. § 1446(b). Since the original complaint contained a claim under the Communications Act of 1934, federal question jurisdiction clearly existed at the outset. Nonetheless, we disagree that the 30 day deadline under § 1446(b) is applicable when removal is predicated on § 1452.

As noted above, the time under § 1446 begins to run once the complaint is served. In contrast, § 1452 cannot be triggered until the "district court has jurisdiction of such claim or cause of action under § 1334 of this title." This cannot occur until a bankruptcy petition is filed. Such a filing, of course, often happens long after the 30 day removal deadline of § 1446 has passed. After a bankruptcy proceeding is instituted, the circumstances for the parties in a state court action change significantly. An automatic stay of the state court action or at least of certain claims is put into effect. *See* 11 U.S.C. § 362(a). A separate federal proceeding now exists, and it is often in the interest not only of judicial economy but of convenience to the parties to have everything consolidated in one federal forum. The 30 day rule under § 1446 would undermine this salutary purpose of § 1452.

Unlike § 1446, any party including a plaintiff may remove an action under § 1452. Section 1452(b) also has its own provision for preventing dilatory or otherwise unfair conduct on the part of the removing party. While § 1446 has the 30 day rule, § 1452 permits the court to remand on "any equitable ground." [1] Thus, § 1452 takes care of the problem of abusive tactics by a removing party in a way different from § 1446. To superimpose the bright line 30 day removal deadline of § 1446(b) would undermine the specific statutory scheme of § 1452.

Bankruptcy Rule 9027(a) is carefully crafted to fit with the purpose of § 1452. It provides:

if the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed.R.Bankr.P. 9027(a)(2); *see also In re Pacor,* 72 B.R. 927 (Bankr.E.D.Pa.1987). WorldCom specifically relies on Federal Bankruptcy Rule 9027(a)(2)(B), which allows a party to remove a claim or cause of action at any time within 30 days after the automatic stay with respect to the claim or cause of action is terminated. It is undisputed that the stay was still in effect when WorldCom removed the state court action to this court. *See In re Pacor,* 72 B.R. at 930.

■ Even assuming that WorldCom was timely in removing Shared Network's claim, Shared Network maintains that WorldCom is out of time under Rule 9027(a)(2)(B) with respect to its state law counterclaim because it was not subject to the automatic stay provisions of § 362. That section only allows for the stay of claims against a debtor, not claims brought by the debtor. *See* 11 U.S.C. § 362(a); *Maritime Electric Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir. 1991).

While Shared Network correctly reads § 362, WorldCom counters that since its counterclaim is related to Shared Network's claims, the entire action was properly removed. WorldCom contends that the scope of what is removed should be determined solely by the notice of removal, which included WorldCom's counterclaim

---

1. As will be discussed later in this Memorandum, § 1334(c)(1) provides for permissive or discretionary abstention, allowing a district court to abstain in the interests of comity or out of respect for state law.

as well as Shared Network's causes of action. *See Princess Louise Corp. v. Pac. Lighting Leasing Co.,* 77 B.R. 766, 771 (Bankr.C.D.Cal.1987).

■ We are unpersuaded by Shared Network's argument that WorldCom's state court counterclaim should be remanded because the counterclaim was not subject to the automatic stay. *See* Fed. R.Bankr.P. 9027(a)(2)(B). We recognize that "all proceedings in a single case are not lumped together for the purposes of automatic stay analysis." *Maritime Elec. Co.,* 959 F.2d at 1204. However, in the instant case, the issues before us concern removal and federal subject matter jurisdiction. There is long-standing precedent allowing the federal courts to decide not only claims within their original jurisdiction but also other claims as long as they all "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In this vein, § 1334(a) and (b) state that federal courts "shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Similarly, 28 U.S.C. § 1367(a) provides for supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

■ We see no reason why these same principles of "judicial economy, convenience and fairness to litigants" specifically acknowledged in *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130, and clearly recognized in § 1334 and § 1367 should not apply when the issue involves removal under § 1452 and Bankruptcy Rule 9027(a)(2)(B). *Compare In re Cuyahoga Equip. Corp.,* 980

F.2d 110, 115 (2d Cir.1992) and *In re Walker,* 51 F.3d 562, 572–73 (5th Cir.1995) with *Chapman v. Currie Motors, Inc.,* 65 F.3d 78, 81 (7th Cir.1995). As noted by Justice Ginsburg in her concurring opinion in *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 132, 116 S.Ct. 494, 499, 133 L.Ed.2d 461 (1995), "Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts . . . meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases."

Shared Network's claims against WorldCom were timely removed under § 1452 and Bankruptcy Rule 9027(a)(2)(B). Because the notice of removal included the entire state court action, removal of the related WorldCom counterclaim was also timely. Accordingly, we have jurisdiction over both Shared Network's state court claims and WorldCom's counterclaim.

## II.

■ Having determined that removal of the entire action was timely, we must now decide whether we should refuse to exercise subject matter jurisdiction over this action. Shared Network appears to move for remand under § 1452(b) and/or permissive abstention under § 1334(c)(1). Section 1452(b) provides that "the court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Similarly, § 1334(c)(1) reads:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*See e.g., McCormick v. Kochar,* 1999 WL 1051776, at *1 (E.D.Pa. Nov.19, 1999). In

assessing whether to abstain or to remand, a court considers the following non-inclusive factors:

> the effect on the efficient administration of the bankruptcy estate; the extent to which issues of state law predominate; the difficulty or unsettled nature of applicable state law; comity; the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; the existence of a right to a jury trial; and, prejudice to the involuntarily removed defendants.

*In re U.S. Physicians, Inc.,* 2001 WL 793271, *2 (E.D.Pa. July 12, 2001) (citing *McCormick,* 1999 WL 1051776, at *2). *See also In re RBGSC Investment Corp.,* 253 B.R. 369, 377–78 (E.D.Pa.2000); *In re Pacor,* 72 B.R. at 931.

▮ Shared Network argues that comity, the right to a jury trial, and the predominance of state law issues all militate in favor of remand. WorldCom contends that the effect on the efficient administration of the estate, the degree of relatedness of the bankruptcy and state court proceedings, and the waiver by Shared Network of its right to a jury trial by subjecting itself to the equitable administration of the bankruptcy court all support denying Shared Network's remand motion and transferring the entire action to the Southern District of New York.

As stated above, the parties agree that the claims and originally filed counterclaim in the state court action constitute "core proceedings." *See* 28 U.S.C. § 157. "Thus, it is clear that [the claims and counterclaims are] . . . quite related to the bankruptcy and also that remand would impede the efficient administration of the

bankrupt estate." *In re RBGSC Investment Corp.,* 253 B.R. at 382; *see also In re Consol. Lewis Inv. Corp.,* 78 B.R. 469, 477 (Bankr.M.D.La.1987). Because the state court action was voluntarily and temporarily stayed, Shared Network's proof of claim and WorldCom's objection thereto in the bankruptcy court are just as far along in the litigation process as the state court action.[2] The remand and subsequent delay would negatively affect the efficient administration of WorldCom's bankruptcy estate.

In addition, the lack of complexity of the applicable state law for breach of contract, quantum meruit, and unjust enrichment, together with "the absence of any special state interest . . . weigh[ ] strongly against abstention." *In re U.S. Physicians,* 2001 WL 793271, at *2; *see also In re Sun West Distributors,* 69 B.R. 861, 867 (Bankr. S.D.Cal.1987).

Shared Network argues that its right to a jury trial will be unfairly lost if it is forced to litigate in bankruptcy court. We are not convinced. Shared Network has voluntarily subjected itself to the equitable jurisdiction of the bankruptcy court by filing its proof of claim there. *See In re Asousa Partnership,* 276 B.R. 55, 66 (Bankr.E.D.Pa.2002). It could have moved to terminate the automatic stay on the state court action if it had been interested in expeditiously resolving the dispute in state court before a jury. It did not do so.

In light of the above analysis, we find that neither permissive abstention nor equitable remand is appropriate. Accordingly, we will deny Shared Network's motion to remand this action to the Court of Common Pleas of Montgomery County.

---

2. WorldCom, in its memorandum of law in opposition to Shared Network's motion for remand and in support of its motion to transfer venue, states that the bankruptcy court has already set a scheduling conference on Shared Network's proof of claim, whereas no scheduling or pretrial conference has ever been held and no scheduling or trial order has been entered in the state court action.

### III.

Finally, we turn to WorldCom's motion to transfer venue to the Southern District of New York. Under 28 U.S.C. § 1412, "a district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Our Court of Appeals has outlined the factors to consider under 28 U.S.C. § 1404(a) in *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir.1995). Since much of the essential wording of § 1412 is similar to § 1404(a), we view the reasoning of *Jumara* to be applicable here, taking into consideration the particular circumstances arising out of a bankruptcy.

While there is no exclusive list of factors, there are a variety of private and public interests to be considered in deciding a motion to transfer venue. The private interests include not only the debtor's choice of forum but also the convenience of the parties as indicated by the physical and financial condition and the location of books and records. The public interests, on the other hand, include such matters as the enforcement of any judgment, "practical considerations that could make the trial easy, expeditious, or inexpensive," court congestion, and local interests.

Here, we find the overwhelmingly significant factor, outweighing all others, is the judicial economy to be achieved in having the entire controversy decided in one forum, in this case the bankruptcy court which is already administering the WorldCom bankruptcy. If we ruled otherwise, it is inevitable that proceedings will be delayed and to some extent duplicated for a tremendous waste of time and money for all concerned. Having the Southern District of New York as the venue is particularly compelling since Shared Network has filed a proof of claim against WorldCom in the bankruptcy court in that district, WorldCom has filed a counterclaim against Shared Network there, and all agree that the claims and counterclaim are core proceedings so that they may be adjudicated before the presiding bankruptcy judge.

We will grant the motion to transfer.

### IV.

In sum, we will deny the motion of Shared Network to remand to the Court of Common Pleas of Montgomery County and grant the motion of WorldCom to transfer venue to the Southern District of New York.

### ORDER

AND NOW, this 19th day of April, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of Shared Network Users Group, Inc. to remand to the Court of Common Pleas of Montgomery County, Pennsylvania is DENIED;

(2) the motion of WorldCom Technologies, Inc., and MCI WorldCom, Inc. to transfer venue to the Southern District of New York is GRANTED; and

(3) the Clerk is directed to transmit the file in this action to the United States District Court for the Southern District of New York.