In re VALLEY KITCHENS, INC., Debtor.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Movant,

v.

VALLEY KITCHENS, INC., Debtor.

Bankruptcy No. 1–85–00278.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 29, 1986.

See also, Bkrtcy., 65 B.R. 547.

Robin B. Balthrope, Cleveland, Ohio, for movant.

Paul Nemann, Cincinnati, Ohio, for debtor.

Jeffrey Marks, Cincinnati, Ohio, for Creditors Committee.

## DECISION AND ORDER ON MOTION TO AMEND SCHEDULE

BURTON PERLMAN, Bankruptcy Judge.

The present motion arises as a contested matter within this Chapter 11 case. Movant, the Equal Employment Opportunity Commission, requests that it be added to the schedule of debtor's creditors. It does not now so appear, notwithstanding that it asserts a claim arising from an incident which occurred pre-petition.

The underlying facts are not in dispute and appear to be as follows. Kimberly Turner was formerly an employee of debtor. She was terminated from her employment and thereupon filed a sex discrimination charge on September 3, 1983 with movant. Movant subsequently issued a right to sue letter on April 26, 1985, and on July 18, 1986, movant filed suit, based upon the Turner claim against debtor. This suit was filed in the United States District Court for the Southern District of Ohio. Neither Turner nor movant was listed as a creditor in the schedules filed by debtor when debtor filed its Chapter 11 case on February 1, 1985. By letter dated July 24, 1985, debtor by its attorney sent a letter to movant advising it of the pendency of the bankruptcy case. An additional important fact in this bankruptcy case to which neither party to this motion makes reference, is that following confirmation of the Chapter 11 plan in this case on March 13, 1986, there was entered an order setting a bar date for proofs of claim to be filed by April 14, 1986 (Doc. 121).

We have to say that the relief sought by movant seems ill conceived. The addition of movant as a creditor to debtor's schedules will not affect the situation one bit. What movant really seeks is a right to participate in debtor's plan as a creditor. In order to do that, movant should have filed a proof of claim in the case. It did not do so by the time fixed by the bar date, and the relief it should be seeking is the right to file a proof of claim past the time fixed by our bar date order.

Movant bases its argument for relief on a contention that the suit that it is pursuing is one seeking relief for a nondischargeable debt pursuant to 11 U.S.C. § 523. But whether the debt is nondischargeable is of no consequence. We say this because this corporate debtor is prohibited by statute from receiving a discharge. See 11 U.S.C. § 1141(d)(3)(C) and § 727(a)(1).

So movant is not barred from seeking relief because it is too late to seek to have its debt determined to be nondischargeable, but rather because movant did not file a proof of claim within the time permitted by statute. (We will assume arguendo that movant by that time had notice of the pendency of the Chapter 11 case.) The case referred to by movant, *In re Yoder*, 758 F.2d 1114 (6th Cir.1985), does support the proposition that a creditor without actual notice of a bar date is enti-

tled to relief for a late filing of a proof of claim for excusable neglect. We accord such relief to movant, but fix the period of 20 days from the date of this Decision and Order within which it must file a proof of claim.

■ There remains a further question which must be dealt with. Movant filed in the District Court a complaint seeking relief against the debtor notwithstanding that it was on notice of the pending Chapter 11 case. The question is presented whether such filing was in violation of the automatic stay of 11 U.S.C. § 362. That it was, was suggested by counsel for debtor in his letter to movant. The answer to this question was settled by the court in *EEOC v. Hall's Motor Transit Co.*, 789 F.2d 1011, 1013 (3rd Cir.1986), the court there holding that such a suit is exempt from the automatic stay provision under § 362(b)(4).

■ Assuming that movant now timely files its proof of claim, such claim must still be liquidated. Liquidation is the subject of the pending District Court suit. Because that suit is in progress, and its bringing did not violate the § 362 stay pursuant to 28 U.S.C. § 1334(c)(1), we deem it appropriate to abstain from hearing the liquidation question.

To recapitulate, movant shall have 20 days from the date of this Decision and Order to file a proof of claim in this case. If it timely does so, the subject of the claim will be liquidated in the pending proceeding in the United States District Court for the Southern District of Ohio, this court abstaining from hearing such question.

So Ordered.