**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

**v.**

**GUERDON INDUSTRIES, Defendant.**

**Civ. A. No. 86–0635–L(J).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Feb. 27, 1987.

Michelle Eisele, E.E.O.C., Indianapolis, Ind., for plaintiff.

Glen Mertens, Ford and Harrison, Los Angeles, Cal., Charles E. Allen, III, Brown, Todd and Heyburn, Louisville, Ky., for defendant.

---

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on plaintiff's motion for reconsideration of this court's October 24, 1986 order staying this action pending bankruptcy proceedings. Jurisdiction exists under 28 U.S.C. Sect. 1331.

EEOC filed this case on August 4, 1986 against Guerdon, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. Sect. 2000e et seq. Guerdon filed no answer. On October 10, 1986, EEOC filed a motion for a default judgment.

Meanwhile, on September 1, 1986, Guerdon filed a voluntary petition in bankruptcy. *In re Guerdon Industries, Inc.*, No. 86B8181J (Bankr.D.Colo.1986). This court stayed these proceedings after receiving a notice of automatic stay, pursuant to 11 U.S.C. Sect. 362(a), from the bankruptcy court. EEOC now objects to the issuance of that stay.

EEOC claims that the automatic stay provision is inapplicable to this case and that this situation falls within the exceptions to the stay, found at 11 U.S.C. Sect. 362(b). EEOC further claims that since the automatic stay was not effective, the court should grant its motion for default judgment, absent other attempts by defendant to respond in compliance with FED.R. CIV.P. 55(a).

Guerdon claims, however, that the exceptions provisions are inapplicable to this case, and that the court may, in its discretion, find the automatic stay provision applicable. In the alternative, Guerdon claims that even if the exceptions apply, it still has time to answer the complaint because of the 60–day time extension accorded it under 11 U.S.C. Sect. 108.

According to the automatic stay provision of the Bankruptcy Code, a petition for voluntary bankruptcy operates as a stay of "the commencement or continuation, ... of a judicial ... or other action or proceeding against the debtor that was ... commenced before the commencement of the case under this title." 11 U.S.C. Sect. 362(a)(1). However, the Code further provides that a petition for voluntary bankruptcy will not stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;" 11 U.S.C. Sect. 362(b)(4). EEOC claims that this case falls within that exception.

In *E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 325 (8th Cir.1986), the court held that the automatic stay provision of Sect. 362(a) did not apply to a Title VII action brought by the EEOC, seeking relief such as backpay, seniority and interest. The court explained its decision as follows:

> When EEOC sues to enforce Title VII it seeks to stop a harm to the public—invidious employment discrimination which is as detrimental to the welfare of the country as violations of environmental protection and consumer safety laws, which are expressly exempt from the automatic stay.

787 F.2d at 318. This case was followed in *E.E.O.C. v. Hall's Motor Transit Co.*, 789 F.2d 1011, 1014 (3d Cir.1986).

In addition, in *General Telephone Co. of the Northwest v. E.E.O.C.*, 446 U.S. 318, 100 S.Ct. 1698, 1704, 64 L.Ed.2d 319 (1980), the court noted that the purpose of the 1972 amendments to Title VII, which permitted the EEOC to sue on behalf of aggrieved individuals, was to "implement the public interest as well as to bring about more effective enforcement of private rights," and that the agency is "guided by the overriding public interest in equal employment opportunity." Given this characterization of EEOC's role, and the holding in *Rath, supra*, this court finds the exception of Sect. 362(b)(4) applicable to this situation.

Guerdon claims that even if the exceptions apply, that a default judgment should not be granted since its time to respond to the complaint was extended by 11 U.S.C. Sect. 108(b). That provision states as follows:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a peri-

od within which the debtor or an individual protected under section 1301 of this title ... may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

Guerdon claims that at the time it filed bankruptcy (September 2), that the time for answering EEOC's complaint had not yet run, and that according to Sect. 108(b), it was granted an additional sixty days in which to file its answer, until November 1. Therefore, it claims that EEOC's motion for default judgment, filed on October 8, was premature. Furthermore, Guerdon claims that this court's October 24 order staying these proceedings tolled the 60-day period and that, upon the lifting of this stay, it is entitled to nine additional days in which to file its answer.

The cases relied upon by Guerdon in support of the application of Sect. 108(b) to this situation, however, are distinguishable. *See In re Martinson*, 731 F.2d 543 (8th Cir.1984), and *In re ERA Central Regional Services, Inc.*, 39 B.R. 738 (Bankr.C.D. Ill.1984). In those cases, the courts applied Sect. 108 to extend the period of redemption of property foreclosed upon prior to the institution of the bankruptcy proceedings.

In addition to being distinguishable from those cases utilizing Sect. 108, this court finds that in this situation, the applicability of Sect. 108 would conflict with and override the purposes of the exceptions to the automatic stay provision, as found in Sect. 362(b).

In *Johnson v. First National Bank of Montevideo, Minn.*, 719 F.2d 270 (8th Cir. 1983), the court discussed the conflicts between the 60-day extension of time under Sect. 108 and the blanket stay of Sect. 362(a), where the time period for redemption of property was in issue. In determining the controlling section, the court held, "where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict." 719 F.2d at 278.

■ Thus, in this case, where Sect. 362(b)(4) clearly applies, the application of Sect. 108 would conflict with and override the purpose of the statute, and should not be applied.

■ Guerdon also argues that EEOC erred by filing this motion, and must petition the bankruptcy court in order to obtain relief from the automatic stay. However, in *National Labor Relations Board v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir.1986), the court held that

a governmental unit which determines that its police power or regulatory proceeding is excepted from the automatic stay under Sect. 362(b)(4) is not required to petition the bankruptcy court for relief from the stay prior to continuing its proceeding.

Therefore, EEOC acted properly in this case by moving this court to reconsider its order staying these proceedings.

In conclusion, the exception contained in Sect. 362(b)(4) applies to this case and this court improperly stayed these proceedings upon receipt of the notice of the automatic stay from the bankruptcy court. In addition, Sect. 108(b) is inapplicable and therefore, Guerdon's time to file a responsive pleading expired prior to the issuance of the stay. Thus, upon reconsideration, the stay is lifted in this case; however, in the court's discretion, defendant shall be allowed an additional period of time, upon the entry of this opinion, in which to file a responsive pleading.

An appropriate order shall accompany this memorandum opinion.

### ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED:

1. Plaintiff's motion to reconsider this court's October 24, 1986 order granting a stay of these proceedings is GRANTED and the stay is now LIFTED;

2. Plaintiff's motion for a default judgment, however, is DENIED;

3. Defendant shall file a responsive pleading in this action on or before March 13, 1987.