## In re COMMERCIAL OIL SERVICE, INC., Debtor.

### No. C 86–7286.

United States District Court, N.D. Ohio, W.D.

Oct. 20, 1987.

Thomas J. Schank, Hunter & Schank, Toledo, Oh., for debtor.

Philip R. Joelson, Trustee, Toledo, Oh.

Dominic J. Hankett, Asst. Atty. Gen., Environmental Enforcement Sec., Columbus, Oh., Susan L. Schneider, Environmental Enforcement Sec., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for Dept. of Justice.

Verne Armstrong, Asst. U.S. Atty., Toledo, Oh., for United States.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on an appeal from the bankruptcy court. Appellant Commercial Oil Service appeals from the bankruptcy court's order dismissing appellant's voluntary Chapter 7 bankruptcy petition. 58 B.R. 311. Appellant has filed a brief in support of this appeal. Appellees the State of Ohio, United States of America, and Philip Joelson, interim trustee, have filed briefs and the appellant has replied. Also, with permission of the Court, the State of Ohio and the United States have filed additional authorities. The Court heard oral argument on October 8, 1987.

In November, 1980, appellant submitted an application to the United States Environmental Protection Agency for a permit to transport, store and dispose of hazardous waste. The application indicated the types of hazardous waste to be stored and disposed of by appellant. Two inspectors from the Ohio Environmental Protection Agency inspected appellant's facility. During these visits, the inspectors took random samples of the materials stored at the site. However, at least one drum was labelled as a hazardous waste and one sample was taken because Ken Mikolas, a principal of appellant, told the inspector the tank contained waste chlorinated solvents.

These samples were sent to the Ohio Department of Health in Columbus for testing. The test results revealed that toluene, dichlorobenzene and chlorinated solvents were stored on appellant's premises. The estimated clean-up cost was between 17 and 33 million dollars. The assets listed on appellant's bankruptcy schedule totalled $226,814.68.

The interim trustee filed a motion with the bankruptcy court to abstain, dismiss or suspend the voluntary Chapter 7 proceeding. Also, the interim trustee filed an application to remove to the bankruptcy court an independent state court hazardous waste enforcement action filed by Ohio in the Lucas County Court of Common Pleas against appellant.

On February 18, 1986, the bankruptcy court held a hearing on the trustee's motions. Thereafter, the bankruptcy court dismissed appellant's bankruptcy pursuant to 11 U.S.C. § 707 and remanded to state court the independent state court enforcement action.

Upon appeal, a finding of fact by the bankruptcy court may be overturned only if the finding is clearly erroneous. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 55–56 n. 5, 102 S.Ct. 2858, 2863 n. 5, 73 L.Ed.2d 598 (1982). A finding of fact is clearly erroneous "when, although there is evidence to support it, the reviewing court, on the en-

tire evidence, is left with a firm and definite conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). A district court may conduct a de novo review of a bankruptcy court's conclusions of law. *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985).

Appellant seeks an order remanding this case to the bankruptcy court for a determination based upon competent evidence of the existence of hazardous waste on appellant's property.[1] However, appellees contend that the appellant does not have standing to pursue this appeal and, even if appellant does have standing, the bankruptcy court's decision was based upon sufficient competent evidence.

■ An appellant must be an aggrieved person to appeal an order of the bankruptcy court. *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (8th Cir.), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985). Therefore, the appellant must be directly and adversely affected pecuniarily by the challenged order of the bankruptcy court. In this proceeding, appellant had agreed in the state court action to liquidate its assets and to cease operations before appellant filed bankruptcy. The consequences of ceasing operations and liquidating appellant's assets pursuant to the state court order or the bankruptcy proceeding would produce essentially the same result, thereby possibly negating any adverse pecuniary effect to appellant. Therefore, appellant's standing to challenge the bankruptcy order is tenuous.

■ Furthermore, appellant's arguments for a remand of this case to the bankruptcy court are unpersuasive. Although appellees' arguments concerning the admissibility of the Ohio Department of Health test results are persuasive, this Court need not decide that issue. See Brief of Appellee State of Ohio at 11–18. Excluding the test

results of the samples, the record of this proceeding demonstrates that hazardous waste was present at the appellant's facility. The evidence includes the observation of the state inspectors at the site and statements from Kenneth Mikolas indicating that one of the storage tanks contained chlorinated solvents.

Furthermore, the bankruptcy court properly admitted "Part A" of the application for a hazardous waste facility permit. On Part A appellant admitted that it stored and disposed of large amounts of both list and characteristic hazardous wastes at the site. As an authorized representative of the appellant, Mr. Soncrant's signature appears on Part A as well as on the appellant's voluntary petition for bankruptcy. Pursuant to Fed.R.Evid. 801(d)(2)(D):

> a statement is not hearsay if -
>
> (2) Admission by party-opponent. The statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship....

Fed.R.Evid. 801(d)(2)(D).

■ Since the written assertions were offered against appellant and made by appellant's president concerning a matter within the scope of his agency, made during the existence of the relationshp, Part A is not hearsay. *Pridemore v. Legal Aid Society of Dayton*, 625 F.Supp. 1171, 1179 (S.D.Ohio 1985). Therefore, there was competent evidence to establish the existence of hazardous waste at the appellant's facility.

■ As the bankruptcy court correctly determined, dismissal of this matter under 11 U.S.C. § 707 was appropriate. The Supreme Court has recently held a trustee may not abandon the property if it would violate state laws designed to protect the health or safety of the public. *Midatlantic National Bank v. New Jersey Depart. of*

---

1. Although appellant contends that the bankruptcy court failed to address the crucial issue of whether the clean-up cost should be classified as an administrative priority expense, this argument was not discussed at oral argument. In

light of recent decisions on this issue, appellant seems to have abandoned this argument. See e.g., *In re Peerless Plating Co.*, 70 B.R. 943 (Bankr.W.D.Mich.1958).

*Environmental Protection,* 474 U.S. 494, 106 S.Ct. 755, 760, 88 L.Ed.2d 859 (1986). Therefore, the bankruptcy trustee must comply with the environmental laws of the State of Ohio. *Ohio v. Kovacs,* 469 U.S. 274, 285, 105 S.Ct. 705, 711, 83 L.Ed.2d 649 (1985). Furthermore, the bankruptcy court correctly analyzed the factors permitting dismissal pursuant to 11 U.S.C. § 707, thereby determining that a continuation of the bankruptcy would be fruitless. Moreover, the bankruptcy court recognized the threat of harm to the environment and the court's lack of expertise in managing hazardous waste sites. See *In re 30 Hill Top Street Corp.,* 42 B.R. 517 (Bankr.D.Mass. 1984); *In re Charles George Land Reclamation Trust,* 30 B.R. 918 (Bankr.D.Mass. 1983).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the order of the bankruptcy court be, and hereby is, AFFIRMED.