George E. **GORSE** and Carol Gorse, his wife, Plaintiffs,

v.

**LONG NECK, LTD.,** a Delaware corporation, **Wayne L. Mitchell,** and **Gregory W. Williams,** individually and t/a Sand Point Associates, Defendants.

**Civ. A. No. 89–33 JRR.**

United States District Court,
D. Delaware.

Nov. 20, 1989.

Patricia C. Hannigan, Roderick R. McKelvie, Ashby, McKelvie & Geddes, Wilmington, Del., for plaintiffs.

James L. Patton, Jr., Young, Conaway, Stargatt & Taylor, Wilmington, Del., for Trustee of Long Neck, Ltd., debtor.

Eduard F. von Wettberg, III, Morris, James, Hitchens & Williams, Wilmington, Del., for defendants, Wayne L. Mitchell and Gregory W. Williams, individually and trading as Sand Point Associates.

## ORDER

ROTH, District Judge.

On this 20th day of November, 1989, for the reasons set forth in the Memorandum Opinion of this date,

IT IS ORDERED that the Bankruptcy Court's Report and Recommendation is adopted by the Court and plaintiffs' motion to remand to the Superior Court in and for Sussex County is granted.

In the United States Bankruptcy Court

for the District of Delaware

## REPORT AND RECOMMENDATION

### Oct. 17, 1988

The plaintiffs, George E. Gorse and Carol Gorse, have moved to remand to the Superior Court of the State of Delaware in and for Sussex County a civil action they filed on January 19, 1987. All defendants in the civil action joined in the application to remand the action to this court on May 20, 1988. One of the defendants, Long Neck, Ltd., a Delaware corporation, is a Chapter 7 debtor having filed a bankruptcy case on February 25, 1988.

Bankruptcy Rule 9027 implements § 1452 of title 28 of the United States Code which provides for removal as well as remand of claims related to bankruptcy cases. Bankruptcy Rule 9027(e) requires a bankruptcy judge hearing a motion for remand to file a Report and Recommendation. If objections are filed to the Report and Recommendation, a review by the District Court is governed by BR 9033.

*Background to Superior Court Action*

The Gorses' complaint seeks recovery on a bond executed July 2, 1984, by Long Neck, Ltd. and Sand Point Associates as principal obligors and by Wayne L. Mitchell

and Gregory W. Williams as guarantors. It is one of several documents in connection with Mitchell and Williams' purchase of three companies owned by the Gorses. The sale was to Long Neck, Ltd., a Delaware corporation in which Mitchell and Williams were the only stockholders, and Sand Point Associates, a Delaware general partnership in which Mitchell and Williams were the only partners. The sale agreement which provided for payment of the purchase price over a nine-year period in monthly installments was signed by Mitchell and Williams on behalf of the acquiring entities and individually as personal guarantors. The purchasers made no payments subsequent to December 5, 1985.

## Superior Court Action

The Gorses sued the defendants in January 1987. Between the filing of defendants' answer and counterclaim on March 19 and the reply to the counterclaim on August 14, there was a substitution of counsel in July. Discovery commenced the end of September. Counsel for the parties were notified on March 28 that the case had been assigned to Judge Lee who proposed a pre-trial scheduling order. His proposal was altered by the fact that counsel for Long Neck, Ltd. was permitted to withdraw on April 15, 1988. Notice of removal to the bankruptcy court was filed May 23, 1988.

## Facts re: Retention/Remand

Unbeknownst to the Gorses, Mitchell and Williams as seller under a business agreement of sale dated November 20, 1986, with P. Edward Ames, Jr., purchaser, sold a business known as "Edgewater Resort Homes" by conveying to Ames all of the outstanding stock of Long Neck, Ltd. The record does not reflect when the Gorses became aware of the sale but paragraph 1 of their complaint supports the inference that it was subsequent to the filing of the lawsuit.

Paragraph 6 of the sale agreement provides in part:

... it being the intent of this Agreement that Purchaser [Ames] assume all of the liabilities of Long Neck, Ltd. and Seller [Mitchell and Williams] in connection with the same, *except* the obligation to pay George Gorse and Carol Gorse in the approximate principal amount of $148,000.00.

On January 5, 1987, the same individuals by written agreement amended the November 20 agreement to include the following paragraph:

Seller agrees to be responsible, to indemnify and save harmless, the Purchaser and the Corporation, Long Neck, Ltd., from all claims, debts, liabilities, suits, damages, actions, costs, reasonable attorneys' fees, and expenses of every nature and kind with connection with the potential obligation to pay George Gorse and Carol Gorse in the approximate principal amount of $148,000.00.

Long Neck's bankruptcy schedules list the Gorses as holding a disputed indemnified unliquidated claim. Mitchell, Williams and Sand Point are listed as holders of contingent claims. The Gorses, who live in Pennsylvania, have filed a proof of claim in the amount of $145,319.55 plus interest based upon an attached copy of their Superior Court complaint. Neither Mitchell nor Williams have filed proofs of claim. No objection has been filed to Gorses' proof of claim nor does Long Neck's schedules reflect the counterclaim as an asset of the bankruptcy estate.

## Discussion of Issues

■ The Gorses charge defendants Mitchell and Williams with unfair manipulation of the legal process by removing the action to this court. Section 1452(a) of title 28 United States Code permits removal of certain state court actions if the District Court has jurisdiction under 28 U.S.C. § 1334. Subsection (b) of § 1334 grants to the district courts original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under title 11. Long Neck is a named defendant in the civil action, is a debtor in a bankruptcy case and the trustee joined in the removal application. It cannot be disputed that the civil action is a related matter and that this court has jurisdiction.

Two issues raised in the briefing and argument—(1) whether mandatory abstention (§ 1334(c)(2)) is applicable in removal cases, and (2) whether there is any right to a jury trial in any civil action other than a personal injury or wrongful death tort claim (See 28 U.S.C. § 1411)—are not necessary to a resolution of this motion.

■ We do not reach the mandatory abstention problem because the Gorses are residents of Pennsylvania, the defendants are residents of Delaware and the amount in controversy exceeds $10,000. Thus, diversity jurisdiction is present as well as jurisdiction under 28 U.S.C. § 1334(b). This dual basis for federal court jurisdiction moots the first issue.

The jury trial issue has not been decided by the Third Circuit Court of Appeals. It is one of first impression in this District. Counsel did not focus on this underlying question because defendants consented to a jury trial in this court. Thus, it would be inappropriate for this court to decide such a far reaching issue when resolution of that issue is not crucial to this motion.

■ The issue is whether the equities favor remand under 28 U.S.C. § 1452(b) or discretionary abstention is appropriate under 28 U.S.C. § 1334(c)(1). Section 1452(b) provides for a remand on any equitable ground. Section 1334(c)(1) provides for discretionary abstention "in the interest of justice, or in the interest of comity with State courts or with respect to State law ...". Motions to remand are governed by § 1452(b). However, as subsection (a) recognizes, it must be read in conjunction with its jurisdictional grant in § 1334(b) and (c).

The factors which must be considered for remand or abstention in this instance are the same. They are:

1. the court's duty to decide matters properly before it;

2. plaintiff's choice of forum as between state and federal courts;

3. nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved;

4. prejudice to involuntarily removed parties;

5. comity considerations;

6. economical and/or duplicative use of judicial resources and

7. effect a remand decision would have on the efficient and economic administration of the estate.

The removal was procedurally correct. Thus, in that sense it is properly before the court. However, consideration of the remaining factors is required for a determination of whether it is proper to remand or retain the action.

■ The Gorses chose the state court as the forum in which to file their action, demanding a jury trial, despite the fact there existed a basis for federal jurisdiction. At argument, the point was made that the plaintiffs desired a trial before a jury of 12 peers. All of the defendants are domiciled in Sussex County as were the businesses formerly owned by the Gorses. Although no explanation appears in the record, the inference is that plaintiffs made that choice because it was important to them that local people be the trier of fact. If the inference is correct and the case were to proceed in this court, the plaintiffs would be further prejudiced in that the method of calling a jury panel is different from state court and results in a significantly smaller group from which jurors may be selected [large panel called for a three-month term; 30 people called from that panel when matter is at issue within three-month term].

The claims and defenses involve only state law. The pleadings in the action support the Gorses' claim that they are looking to Mitchell and Williams for recovery on the bond (Exhibits B and A to Exhibit A, Motion for Remand). The individual defendants, the partnership and the debtor corporation in their answer raise affirmative defenses based upon "negligently and fraudulently made material misrepresentations of fact ... during negotiations prior to and at final settlement" in July 1984 on the sale of Gorses' business to Long Neck and Sand Point Associates. The record is not clear as to who between the debtor

Long Neck and Mitchell and Williams expect to benefit from the counterclaim that, if allowed, would be a setoff against any debt due the Gorses. However, the language of the business agreement of sale and the amendment strongly suggest that it would not be the debtor Long Neck (Exhibits E and F, Motion for Remand).

The Superior Court docket sheet reflects that any delays which occurred in the proceeding were not caused by the Superior Court calendar but by the action or inaction of the parties. Discovery was initiated after the first substitution of counsel and pursued through the end of January. The court proposed a pre-trial scheduling order on March 28. That procedure was interrupted by substitution of other counsel and continuation of discovery (Superior Court docket sheet attached to Defendants' Response to Motion to Remand; Exhibit G, Motion for Remand). There is nothing in the record which would indicate that this action would move more quickly through the Bankruptcy Court. There is a strong likelihood of subsequent motions raising pre-trial issues, touched upon and not in this report, which would likely go through the appeal process. If the action is remanded, the matter is ready for a pre-trial scheduling order.

A remand would not have an adverse effect on the efficient and economical administration of the estate nor create uneconomical or duplicative use of judicial resources. One of a trustee's duties is to convert to cash all of a debtor's assets and distribute net proceeds to creditors filing proofs of claim. Should the trustee desire to close the estate before conclusion of the state court action, the contingent unliquidated disputed claim of the Gorses may be estimated under 11 U.S.C. § 502(c) so as not to unduly delay administration of the case.

The plaintiffs are on record as looking to collect the debt from guarantors Mitchell and Williams. Mitchell and Williams have not denied that they are guarantors of the Gorses' claim against Long Neck. They merely deny that any debt is owed. The debtor Long Neck by virtue of the change

in stock ownership was not involved in the transaction which forms the basis for the lawsuit. In addition, there is the agreement excepting the assignment of the Gorse debt and the agreement indemnifying the debtor Long Neck. The real parties in interest are not in bankruptcy.

Moreover, assuming solely for resolution of this motion that the Gorses are successful in recovering a judgment against the debtor Long Neck upon the facts presented in support of their motion, the issues raised by any objection to their claim would be identical to those tried. *Res judicata* would prevent duplicative proceedings in bankruptcy court.

For the foregoing reasons, the equities favor the plaintiffs George E. Gorse and Carol Gorse. I recommend that the civil action be remanded to the Superior Court of the State of Delaware in and for Sussex County.

Respectfully Submitted,
(s)  Helen S. Balick
United  States  Bankruptcy
Judge