In re Wilhelm FORSTER, dba Forster Excavating and Landscaping.

STATE of Ohio, ex rel. Lee FISHER Attorney General of Ohio,
Plaintiff,

v.

Willie FORSTER dba Miller City Landfill, Defendant.

PUTNAM COUNTY GENERAL HEALTH DISTRICT,
Plaintiff,

v.

Willie FORSTER dba Miller City Landfill, Defendant.

Bankruptcy No. 92–32365.
Adv. Nos. 92–3279, 92–3280.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 27, 1992.

Thomas Schank, Toledo, Ohio, for debtor.

Daniel Gerschutz, Ottowa, Ohio, for Putnam County.

Susan Ashbrook, Sarah Lynn, Columbus, Ohio, for State of Ohio.

## OPINION AND ORDER GRANTING MOTION FOR REMAND

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtor's notices of removal pursuant to Bankruptcy Rule 9027 of two actions pending against Debtor in state court, responses thereto by the state of Ohio and Putnam County General Health District and state of Ohio's and Putnam County General Health District's motions for remand. Upon consideration of the record herein, the court finds that the state court actions should be remanded to the Putnam County Court of Common Pleas.

## FACTS

On June 23, 1992, Debtor filed a voluntary petition under chapter 11 of title 11. At that time, two actions titled *State of Ohio, ex rel. Lee Fisher, Attorney General of Ohio, Environmental Enforcement Division v. Willie Forster, dba Miller City Landfill* and *Putnam County General Health District v. Willie Forster dba Miller City Landfill* were pending in the Court of Common Pleas of Putnam County, Ohio. On July 1, 1992, Debtor filed notices of removal pursuant to Bankruptcy Rule 9027, removing the pending state court actions to this court. Pursuant to an order entered on August 5, 1992, these two adversaries are consolidated.

Both the state of Ohio and Putnam County General Health District have filed responses and motions for remand. As a result of the consolidation, these entities will, hereafter, be referred to as "respondents" as the positions asserted by each of them are identical.

Respondents assert that the pending state court actions represent environmental enforcement actions, that this court lacks jurisdiction to hear those actions and that this court should abstain from hearing these actions. Respondents, in the state court actions allege that Debtor has violated certain environmental regulations in operating a landfill. However, as a result of the filing of Debtor's petition and the instant notices of removal, those actions have been stayed.

## DISCUSSION

■ The court concurs with respondents that 28 U.S.C. § 1452(a) prohibits removal of the pending state court actions as they represent enforcement of a governmental unit's police or regulatory power. That section provides that:

[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court ...

Although Debtor argues that the state court actions do not represent a governmental unit's attempt to enforce a police or regulatory power, this court is not persuaded by that argument. Respondents' state court complaints seek to require Debtor to comply with certain environmental procedures, in addition to seeking costs resulting from violations thereof. Enforcement of environmental statutes and regulations represent a governmental units' actions to enforce regulatory power. *See In Re Rabzak,* 79 B.R. 966 (Bkrtcy.E.D.Pa.1987) (state court prosecution of Debtor for violation of rubbish ordinance could not be removed as it clearly represented exercise of policy or regulatory powers).

Section 1452(b) of title 28 states that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The equitable grounds for remand of a case under § 1452(b) include:

"(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally...."

*In Re Revco D.S., Inc.,* 99 B.R. 768, 776 (N.D.Ohio 1989) (citation omitted). *See also Gorse v. Long Neck, Ltd.,* 107 B.R. 479, 482 (D.Del.1989) (factors which must be considered for remand or abstention are: 1) the court's duty to decide matters properly before it; 2) plaintiff's choice of forum as between state and federal courts; 3) nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved; 4) prejudice to involuntarily removed parties; 5) comity considerations; 6) economical and/or duplicative use of judicial resources; and 7) effect a remand decision would have on the efficient and economic administration of the estate); *Matter of Hughes–Bechtol, Inc.,* 107 B.R. 552, 559 (Bkrtcy.S.D.Ohio 1989)

(criteria implicated in determining whether to remand or abstain, include: whether the proceeding is determined to be a core proceeding, this court's obligation to determine matters properly before it, prejudice to involuntarily removed parties, consideration of comity with other courts, economical use of judicial resources, the presence of federal questions, the presence of state law issues, the effect of the removal of the issues in this proceeding on other issues remaining in the state court action, the issue of forum non conveniences, the affect of the state court action on the bankruptcy estate and any unusual or other significant factors).

Considering these factors, the court finds of import "a holding that a state court is better able to respond to a suit involving questions of state law" and "the expertise of the court in which the matter was pending originally." *Revco*, 99 B.R. at 776. As discussed, the court finds that respondents' state court complaints represent enforcement of state environmental laws. Obviously, this bankruptcy court is without the expertise necessary for adjudication of such issues; remand of these actions is appropriate.

Debtor cites *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), in support of his position that this court should retain jurisdiction of the state court actions. The court finds *Kovacs* inapposite. In *Kovacs*, Debtor stipulated to liability for certain environmental violations. In the instant situation, liability has not been determined. Debtor maintains that, ultimately, respondents will return to this court for payment of claims resulting from liability for environmental violations. Until liability is determined, if Debtor is ultimately found responsible therefor, *Kovacs* does not require this court's retention of respondents' state court actions.

█ Even if this court were to deny remand, it would find that it must abstain from hearing the actions. Section 1334 of title 28 provides:

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

Under this section, abstention is mandatory if:

(1) the case is based upon a state law claim or cause of action which, although related to a title 11 case, did not arise under Title 11 or out of a Title 11 case;

(2) the case could not have been commenced in Federal court absent the fact of a bankruptcy petition and, finally,

(3) if the case were commenced in State court, it could be timely adjudicated.

*In Re Commercial Oil Service, Inc.*, 58 B.R. 311, 314, 14 C.B.C.2d 577 (Bkrtcy. N.D.Ohio 1986) (citations omitted), *aff'd* 88 B.R. 126 (1987). *See also Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989) (three requirements for mandatory abstention are: 1) the case is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the case could not have been commenced in federal court absent the bankruptcy petition, and 3) the court has confidence that the state court can timely adjudicate the cause of action). That is, before mandatory abstention may be exercised, each element must be satisfied, to-wit:

A. Timely Motion.

B. State Law Issues.

C. Related But No Core Proceeding.

D. Lack of Independent Jurisdiction; Action Commenced.

E. Timely Adjudication in State Forum.

*Revco*, 99 B.R. at 774, 775 (mandatory abstention is proper only if all of the elements are satisfied).

Respondents' complaints are based upon the Ohio administrative and revised codes; these actions are, then, "based upon a state

law claim or state law cause of action." 28 U.S.C. § 1334(c)(2). Debtor alleges that the state court actions represent prosecution of a claim as, ultimately, the funds necessary for compliance with the environmental guidelines will be paid from Debtor's estate. Again, the court is not persuaded that the removed state court actions rise to the level necessary for this court's maintenance of the actions.

Furthermore, the state court complaints reflect that diversity of citizenship does not exist; thus, these cases could not have been commenced in federal court. Lastly, regarding mandatory abstention, respondents assert that there exists no evidence that these proceedings cannot be timely adjudicated in the state forum. Plaintiff–Respondent State of Ohio's Memorandum in Opposition to Defendant Wilhelm Forster's Application for Removal and/or Motion for Remand at 8. The court is persuaded by this assertion. Not only does the court find that remand is appropriate, the court also finds that all elements necessary for mandatory abstention exist.

■ Additionally, this court would, even if mandatory abstention did not exist, in its discretion, abstain from hearing the state court action under § 1334(c)(1). Indeed, Debtor concedes that this court may remand these cases on any equitable ground. Memorandum Opposing [Respondents'] Motion to Remand at 15. Debtor, of course, suggests that the equities favor retention of jurisdiction. *Id.* Section 1334(c)(1) states:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

That is,

> [e]ven if this court were not compelled by 28 U.S.C. § 1334(c)(2) to abstain from hearing the Debtor's adversary proceeding against [defendant], it would be guided by principles of comity to respect a pending unresolved state law suit and would not exercise federal judicial au-

thority in the disregard of the comity between the state courts and the federal courts. This discretionary abstention is authorized under 28 U.S.C. § 1334(c)(1)....

*In Re Consulting Actuarial Partners, Ltd. PTN,* 72 B.R. 821, 829, 16 C.B.C.2d 906 (Bkrtcy.S.D.N.Y.1987) (citations omitted). Respondents' complaints filed in the state court seek interpretation of state law concerning environmental legislation. Such issues are not within the expertise of this court and furthermore, in the interest of comity, abstention would be appropriate.

In *In Re White Motor Credit,* 761 F.2d 270 (6th Cir.1985), the sixth circuit court of appeals discussed the district court's order permitting the continuation of pending personal injury tort cases against Debtor in various state and federal courts. Debtor sought adjudication of these unliquidated and contingent cases in the district court. The sixth circuit stated that the district court has authority, pursuant to § 1334(c)(1) to leave the tort cases in the courts in which they were pending. *Id.* at 273. The court continued by stating that:

> federal courts should be hesitant to exercise jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."

*Id.* at 274 (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). As previously stated, respondents' actions are premised upon state law; abstention from hearing those actions is appropriate.

Finally, Debtor, on August 21, 1992, filed a motion requesting leave to file a third party complaint. In light of the foregoing, the court finds that said motion is moot and should be denied. It is therefore

ORDERED that motion of state of Ohio for remand filed in adversary no. 92–3279 be, and hereby is, granted. It is further

ORDERED that motion of Putnam County General Health District for remand filed in adversary no. 92–3280 be, and hereby is, granted. It is further

ORDERED that motion of Debtor for leave to file a third party complaint be, and hereby is, denied.