### In re SHELBYVILLE MIXING CENTER, INC., Debtor.

### Equal Employment Opportunity Commission, Plaintiff,

v.

### Shelbyville Mixing Center, Inc., and General Drivers, Warehousemen & Helpers Local Union 89, Defendants.

Bankruptcy No. 02–80017–HDH–7.

Civ. A. No. 3:00–CV–00066.

Adversary No. 02–03404.

United States Bankruptcy Court, E.D. Kentucky, at Frankfurt.

Dec. 20, 2002.

Melvin Kennedy, Barbara Seely, Jan Shelly, St. Louis, MO, for Equal Employment Opportunity Commission.

Eric Liepins, Dallas, TX, for Shelbyville Mixing Center, Inc.

## MEMORANDUM ORDER

JOSEPH M. SCOTT, Jr., Chief Judge.

### FINDINGS OF FACT

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed the above-captioned lawsuit in the U.S. District Court for the Eastern District of Kentucky, Frankfort Division, on September 22, 2000, alleging that the Shelbyville Mixing Center, Inc. ("Defendant" or "debtor") failed and refused to hire women as a class because of their sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. In its complaint, the Commission sought backpay and injunctive relief.

Shelbyville Mixing Center, Inc. was incorporated in the State of Kentucky. Its operations were entirely within the State of Kentucky and its assets are located there. Michael Willis, the owner and President, resides in Texas.

On November 6, 2002, Shelbyville Mixing Center, Inc. filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the Northern District of Texas, Dallas Division. On or about November 7, 2002, the debtor filed a Suggestion of Bankruptcy in the U.S. District Court for the Eastern District of Kentucky in which it contended that this proceeding is automatically stayed pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. Section 362(a). The debtor also filed a Notice of Removal and a Motion to Transfer in this Court seeking to remove the above-captioned action from the District Court and to transfer it from this Court to the U.S. Bankruptcy Court in the Northern District of Texas. The EEOC filed objections to Defendant's Notice of Removal and its Motion for Transfer. A telephonic hearing on the matter was held on December 5, 2002.

### CONCLUSIONS OF LAW

1. *Notice of Removal*

The debtor takes the position that all claims and causes of action asserted in the EEOC's Title VII lawsuit are within the jurisdiction of the bankruptcy court and may be removed to this Court pursuant to 28 U.S.C. § 1452. Its reliance on Section 1452 is misplaced.

28 U.S.C. § 1452 applies to removals and remands from and to state courts and does not provide a basis for removing

a case to the bankruptcy court from a U.S. district court, of which the bankruptcy court is a unit. The proper method for achieving such a transfer is by a motion to refer filed with the district court. *In re Mitchell*, 206 B.R. 204 (Bkrtcy.C.D.Cal. 1997); *Wills Motors, Inc. v. Volvo North America Corp.*, 131 B.R. 263, 266 (S.D.N.Y.1991); *Centrust Sav. Bank v. Love*, 131 B.R. 64, 65–66 (S.D.Tex.1991); *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.*, 101 B.R. 16, 21 (Bkrtcy. N.D.Ill.1989).

■ Even if removal were proper, the EEOC's Title VII lawsuit may not be removed under Section 1452(a), which provides in relevant part:

A party may remove any claim or cause of action in an action *other than a . . . civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district in which such civil action is pending, . . . .*

(emphasis added). The courts have interpreted this section of the Code to prohibit the removal of a state court action brought by the Attorney General of Ohio to enforce environmental laws and seeking costs resulting from the debtor's violations (*In re Forster*, 146 B.R. 383 (Bkrtcy.N.D.Ohio 1992)), as well as a state court prosecution of a debtor for violation of a township rubbish ordinance (*In re Rabzak*, 79 B.R. 966 (Bkrtcy.E.D.Pa.1987)).

■ Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. Section 362(b)(4), also contains the phrase "action by a governmental unit to enforce such governmental unit's police or regulatory power" and provides that such an action is exempt from the automatic stay provision of Section 362(a) of the Code, 11 U.S.C. Section 362(a). It is well settled that lawsuits filed by the EEOC are actions brought to enforce its police or regulatory power within the meaning of Section 362(b)(4) of the Bankruptcy Code and are therefore not stayed by the filing of a petition in bankruptcy. *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 402 (4th Cir.1987); *EEOC v. Hall's Motor Transit Co., et al.*, 789 F.2d 1011, 1014 (3rd Cir.1986); *EEOC v. Rath Packing Co.*, 787 F.2d 318, 325–26 (8th Cir. 1986), *cert. denied*, 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282(1986); *EEOC. v. Guerdon Industries*, 76 B.R. 102, 103 (W.D.Ky.1987); *In re Valley Kitchens, Inc.* 68 B.R. 372, 374 (Bkrtcy.S.D.Ohio 1986), *EEOC v. Sambo's Restaurants, Inc.*, 34 Fair Empl.Prac.Cas. (BNA) 1451, 1982 WL 207, *2 (S.D.Tex.1982). When interpreting statutory language, a court should interpret the statute as a coherent whole and give consistent meaning to terms throughout the statute. See *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 964 (6th Cir.1998)(basic rule of statutory construction "requires us to read a statutory provision in a manner consistent with the statute's other provisions"). Accordingly, the EEOC's Title VII lawsuit may not be removed because it is a civil action by a governmental unit to enforce its police or regulatory power within the meaning of Section 1452(a) of the Bankruptcy Code, 11 U.S.C. Section 1452(a).

2. *Motion to Transfer*

■ Since the EEOC's Title VII lawsuit may not be removed to the bankruptcy court, this Court lacks jurisdiction to transfer it to the U.S. Bankruptcy Court for the Northern District of Texas. Even assuming, *arguendo*, that the EEOC's Title VII lawsuit were properly removed to the U.S. Bankruptcy Court for the Eastern District of Kentucky, it would not be transferred to the bankruptcy court in Texas because the requirements of 28 U.S.C. Section 1412 have not been met. Section 1412 states that "[a] district court

may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." When venue is proper as it stands, the burden is on the moving party to demonstrate with a preponderance of the evidence that transfer is in the interest of justice or the convenience of the parties. Among the factors to be considered by the court in ruling on a motion to transfer are the location of the assets and the effect on the willingness or ability of the parties, including witnesses, to participate in the case or proceeding. *See In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

The EEOC's complaint in this case alleges sex discrimination in hiring against women as a class at Shelbyville Mixing Center, Inc.'s facility in Kentucky. Accordingly, most, if not all, of the witnesses who will testify at the trial of this action reside in Kentucky and would have to travel to Texas for the trial. Moreover, General Drivers, Warehousemen & Helpers Local Union 89, also a defendant in this case, would have to defend this action in Texas rather than Kentucky where it is located. Defendant's assets are located in Kentucky. Defendant is incorporated in the State of Kentucky. Defendant's only connection to Texas is that Michael Willis, the President and owner, resides in Texas. The debtor fails to meet its burden to show that this case must be transferred in the interest of justice and for the convenience of the parties.

3. *The Automatic Stay*

■ While the issue of the applicability of the automatic stay was not raised in the pleadings filed herein, it was discussed during the hearing. As discussed above, the weight of authority holds that lawsuits filed by the EEOC are not subject to the automatic stay. This is so even if the defendant in a case brought by the EEOC has filed a petition under Chapter 7 and has or will cease to operate. In *McLean Trucking Co.,* supra, 834 F.2d at 402 n. 8, the court considered the question of whether the EEOC's Title VII suit was subject to the automatic stay where the defendant was effectively liquidated. The court there said:

> We have no doubt that when EEOC sues to enjoin violations of Title VII or ADEA and seeks reinstatement of the victims of alleged discrimination and adoption of an affirmative action plan in a Title VII case, and couples these prayers for relief with a claim for back pay, EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment. We think also that even if EEOC's non-monetary claims for relief in the Texas and Tennessee cases may be disregarded, *Albermarle Paper* and *General Telephone* teach that EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment.

*EEOC v. McLean Trucking Co., supra,* 834 F.2d at 402. Similarly, in *EEOC v. Sambo's Restaurants, Inc., supra,* 1982 WL 207 at *3, the court rejected the defendant's argument that EEOC's goal in proceeding with its Title VII lawsuit was to achieve some pecuniary benefit for the claimant on whose behalf the agency sued, thus permitting the Commission to obtain a preferential treatment to the detriment of all other creditors. The court noted:

The Court is compelled to construe the EEOC's ambitions as somewhat loftier than that advanced by the respondent. It has been held that, "the EEOC represents the public interest when it sued to enforce Title VII, not solely the interests of the private charging parties." *EEOC v. Kimberly–Clark Corp.*, 511 F.2d 1352, 1359 (6th Cir.1975).... The Fifth Circuit describes EEOC litigation in a similar fashion, saying, "[O]nce the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are designed to vindicate the policies of the Act, not merely to afford private relief to the employee." *Hutchings v. U.S. Industries, Inc.*, 428 F.2d 303, 311 (5th Cir. 1970).

■ The legislative history regarding the automatic stay provision of Section 362 is instructive. As explained in the Congressional House Report:

> "Where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay."

(emphasis added) H.R.Rep. No. 595, 95th Cong., 1st Sess. 343 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6299. Accordingly, the automatic stay does not apply to prevent the Commission from proceeding with its action to obtain a judgment against Defendant for violating Title VII and fixing the money damages for that violation. Any judgment which it may obtain, however, is collectible only in the bankruptcy proceedings. *EEOC v. McLean Trucking Co.*, 834 F.2d at 402 n. 7.

### ORDER

IT IS HEREBY ORDERED that the debtor's Notice of Removal is hereby VA-CATED and that the debtor's Motion to Transfer is hereby DENIED.