**Commonwealth of MASSACHUSETTS,**
**Plaintiff**

v.

**NEW ENGLAND PELLET, LLC,**
**et al., Defendants.**

**Civil Action No. 09–30069–MAP.**

United States District Court,
D. Massachusetts.

July 9, 2009.

---

Laurie A. Frankl, Office of the Attorney General, Springfield, MA, for Plaintiff.

David J. Wenc, Wenc Law Offices, Windsor Locks, CT, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR REMAND AND FOR RECONSIDERATION OF DEFENDANTS' MOTION TO TRANSFER (Document No. 6)*

NEIMAN, United States Magistrate Judge.

The Commonwealth of Massachusetts ("the Commonwealth") seeks reconsideration of the court's allowance of Defendants' Motion to Transfer this case to the District of Connecticut and, instead, to remand the matter to the Massachusetts Superior Court. The Commonwealth is suing New England Pellet, LLC ("NEP") and its principals, Jason Tynan and Steven Zaczynsky, (collectively "Defendants"), for engaging in unfair and deceptive acts or practices in violation of section 2(a) of the Massachusetts consumer protection statute, Mass. Gen. L. ch. 93A ("chapter 93A"). (NEP is currently undergoing bankruptcy proceedings, originally under Chapter 11 and now under Chapter 7, in the U.S. Bankruptcy Court for the District of Connecticut.) Because the Commonwealth's claims against Defendants constitute an enforcement action within the meaning of 28 U.S.C. § 1452(a) ("section 1452(a)"), the court has concluded that the case was improperly removed from state court and should be remanded. Accordingly the court will grant the Commonwealth's motion both as to its request for reconsideration and its request for a re-

mand.[1]

## I. BACKGROUND

The following background is taken directly from the complaint. The allegations are based on a series of events that occurred in 2008, during which time the Commonwealth alleges Defendants were engaged in deceptive business practices. (Compl. ¶ 40.)

NEP is a retail distributor of wood pellets with its principal place of business in Connecticut. (*Id.* ¶¶ 6, 9.) On January 21, 2008, NEP entered into a reseller agreement with New England Wood Pellet, LLC ("NEWP"), a New Hampshire business that manufacturers and sells wood pellets to retail dealers and distributors, to distribute its wood pellets. (*Id.* ¶¶ 10, 12.) The reseller agreement provided, in essence, that NEP would have an exclusive contract to sell the premium brand NEWP pellets in New Jersey and certain areas of New York and a non-exclusive contract to sell the non-premium brand in Massachusetts and New Hampshire. (*Id.* ¶¶ 12–13.)

The crux of the Commonwealth's complaint is that NEP pre-sold pellets to consumers even though NEWP had informed it that, due to the high cost of oil and subsequent high demand for wood pellets, NEWP did not have the supplies to provide NEP with all the pellets requested. (*Id.* ¶¶ 20–22.) As a result of receiving 196 complaints from Massachusetts consumers who had pre-paid for pellets that were never delivered, the Commonwealth commenced "this enforcement action in the public interest ... pursuant to [chapter] 93A." (*Id.* ¶¶ 1, 34–37.) [2]

The Commonwealth's complaint was filed on April 21, 2009, in Hampden Superior Court. Defendants filed a Notice of Removal to this court on April 24, 2009, and simultaneously filed a Motion to Transfer the case to the District of Connecticut. On May 20, 2009, District Judge Michael A. Ponsor allowed Defendants' Motion to Transfer without opposition. On May 21, 2009, however, the Commonwealth filed the instant motion for reconsideration and remand, arguing that this is an enforcement action and that Defendants' original removal of the case was improper. Subsequently, on June 9, 2009, the Bankruptcy Court in Connecticut ruled pursuant to 11 U.S.C. § 362(b)(4) ("section 362(b)(4)") that the instant action by the Commonwealth "is an action by a governmental unit to enforce such governmental unit's police and regulatory power" against Defendants and that, accordingly, the Commonwealth is exempt from the automatic stay usually attendant to bankruptcy proceedings. (Pl.'s Motion for Leave to File Suppl. Brief in Support of Motion for Remand, Exhibit at 1.)

## II. DISCUSSION

■ Fundamentally, the court must determine whether removal was proper, *i.e.*, whether this court even has jurisdiction

---

1. *See Societa Anonima Lucchese Olii E. Vini v. Catania Spagna Corp.*, 440 F.Supp. 461, 462 (D.Mass.1977) (deeming remand motion a nondispositive matter which magistrate judges are authorized to "hear and determine" pursuant to § 636(b)(1)(A) (footnote omitted)); *Passatempo v. McMenimem*, 2009 WL 1764785, at *1 (D.N.H. June 17, 2009) (noting that while the "First Circuit has not decided the question," "[a]lmost every district court in this circuit has found that an Order of Remand may be made by a magistrate judge on the basis that a remand order is not a dispositive order") (collecting cases).

2. NEWP has filed its own lawsuit against Defendants, which was removed here as well. *See New England Wood Pellet, LLC v. New England Pellet LLC*, Civil Action No. 09–30062–MAP. NEWP's motion to remand as well as Defendants' motion to transfer that case to the District of Connecticut remain under advisement.

over the instant matter. *See Work/Family Directions v. Children's Discovery Centers (In re Santa Clara County Child Care)*, 223 B.R. 40, 44 (1st Cir. BAP 1998). Defendants claim that this court has jurisdiction pursuant to 28 U.S.C. § 1334(b) ("section 1334(b)"). For the reasons which follow, the court disagrees.

Section 1334(b), governs jurisdiction over bankruptcy proceedings and states, in applicable part, that, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Title 11 of the United States Code governs bankruptcy proceedings. *See* 11 U.S.C. § 101 *et seq.* There is no question that the instant matter does not arise "under" or "in" title 11. And while Defendants argue that this case is nonetheless "related to" NEP's bankruptcy proceedings in Connecticut, it is unnecessary to address this argument because, in the court's estimation, the case was improperly removed pursuant to section 1452(a).

Section 1452(a) states:

A party may remove any claim or cause of action in a civil action *other than* a proceeding before the United States Tax Court or *a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). The Commonwealth contends, and the court agrees, that the action against Defendants was brought to enforce the Commonwealth's police and regulatory power and, therefore, was not subject to removal.

While there has not been much case law interpreting enforcement actions under section 1452(a), courts seem to agree that the language regarding the removal exception for police and regulatory functions is practically identical to language exempting government enforcement actions from the automatic stay in bankruptcy proceedings under section 362(b)(4). *See City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1123 (9th Cir.2006) (holding that the two statutes were specifically designed to work in tandem and interpretation of the two should be consistent) (internal citations omitted); *Massachusetts v. Sohmer (In re Sohmer)*, 388 B.R. 448, 455 (Bankr.D.Mass.2008) (holding that the purpose behind the two statutes is the same) (internal citations omitted). As indicated, the Bankruptcy Court in Connecticut recently ruled that the Commonwealth's action against Defendants is an enforcement action under section 362(b)(4) and, accordingly, not subject to the automatic stay.

■ Because of the statutes' similarity, courts have looked to cases under section 362(b)(4) for guidance in interpreting section 1452(a). *See California v. Atl. Ritchfield Co. (In re Methyl Tertiary Butyl Ether ("MBTE") Products Liab. Litig.)*, 488 F.3d 112, 132 (2d Cir.2007); *PG & E*, 433 F.3d at 1123–25. That approach is called for here as well. In particular, the court has considered the Ninth Circuit's decision in *Universal Life Church Inc. v. United States (In re Universal Life Church Inc.)*, 128 F.3d 1294 (9th Cir.1997), which has also been relied upon by the First Circuit, *see Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.)*, 346 F.3d 1, 9 (1st Cir.2003). The Ninth Circuit uses two tests—the "public purpose" and "pecuniary purpose" tests—to aid in the process of deciding whether an action can be considered an exercise of a governmental entity's police and regulatory power. *In Re Universal Life Church*, 128 F.3d at 1297. To pass the "pecuniary purpose" test, the government's action

cannot be brought primarily to benefit the government's pecuniary interest. *Id.* Under the "public purpose" test, the court must determine whether the government is *primarily* trying to "effectuate public policy" or to "adjudicate private rights." *Id.* If either test is satisfied the case is considered an enforcement action. *See PG & E,* 433 F.3d at 1124.

There is no question that the instant action passes both tests. The Commonwealth brought this action against Defendants under chapter 93A, the state's consumer protection statute, and, as relief, seeks injunctions, civil penalties, attorney fees and restitution. To be sure, Defendants argue that the Commonwealth's primary purpose is pecuniary, *i.e.,* to adjudicate the private rights of consumers and obtain restitution. The court, however, disagrees. Restitution is only one part of the relief sought by the Commonwealth and, as such, falls well within its police and regulatory powers. *See PG & E,* 433 F.3d at 1124 ("[w]hile restitution would benefit the vendees by the return of the money illegally obtained, such repayment is not the primary object of the suit" and therefore the action still passed both tests); *State ex rel. Fisher v. Forster (In re Wilhelm Forster, dba Forster Excavating and Landscaping),* 146 B.R. 383, 384 (Bankr. N.D.Ohio 1992) (seeking costs for environmental violations, in addition to asking debtor to comply with regulations, is an enforcement action). And, Defendants' argument to the contrary, the fact that the Commonwealth may be consolidating a large number of what might otherwise appear to be small claims cases only enhances the conclusion that the Commonwealth is using its police and regulatory power to deter future unlawful conduct and is, therefore, *primarily* seeking to protect the public welfare. As the Commonwealth asserted at oral argument, restitution helps send a message, as part of its public purpose, that deceptive business practices are not acceptable. *See PG & E,* 433 F.3d at 1125 (holding that "restitution will benefit the public welfare by penalizing past unlawful conduct and deterring future wrongdoing"). *See also In re Sohmer,* 388 B.R. at 455 (noting that had a notice of removal been filed under section 1452(a), the case, involving an enforcement action under chapter 93A "concerning unfair and deceptive business conduct" would have been remanded to state court for lack of jurisdiction).

## III. CONCLUSION

The instant case is an enforcement action which was improperly removed under section 1452(a). Accordingly, the court ALLOWS the Commonwealth's motion and hereby REMANDS the matter to the Hampden County Superior Court.

IT IS SO ORDERED.